## HENRIETTA GOODMAN *v.* JOSIAH MYRICK.

TRUE LINE OF SURVEY.—In the government surveys the line actually run by the original surveyors is the true line.

APPEAL from Multnomah County.

This is a suit for an injunction to restrain the defendant from erecting certain buildings on A street, in the city of Portland, to the irreparable damage of the adjacent prem-ises of the plaintiff.   The answer admits that there is a street called A street, thirty feet in width, dedicated and laid out by John H. Couch, the owner of the land, but de-nies that the buildings mentioned in the complaint are situ-ated on any part of said street.   The question submitted to the court, upon the trial, was the proper location of the southern boundary-line of A street.   It was admitted by the parties that A street is thirty feet in width, and that it lies along the southern boundary-line of the land claim of John H. Couch, and that said line is the southern line of said street; that it commences at the northeastern corner of the

donation land claim of Benjamin Stark; that a stone monument, referred to in the evidence, at the east side of Front street and the south side of A street, at the northwest corner of central block, is in the line between the land claims of John H. Couch and Benjamin Stark; that the southern boundary-line of the land claim of John H. Couch, and the northern boundary-line of the land claim of Benjamin Stark, are the same line. Both of the above claims were held under the act of Congress approved September 27, 1850, commonly called the Donation Law. The patent from the United States gives the course of the division line at N. 89° 10′ W., and the plaintiff claims that the line should be established by commencing at the agreed monument, at the corner of Front and A streets, and running westerly upon this course. The defendant claims that, at the point at which the division line crosses the government line between sections thirty-three and thirty-four, in township one north, of range one east, a government stake was established, marked "S. 33" on one side, "S. 34" on the other, and "C. 45," which indicates that the division line crossed at this point. He also claims that, having established the last-mentioned stake as a point upon the government line, it follows that the true division line is a direct one from the stake on the section line to the agreed monument at the corner of Front and A streets.

The testimony introduced by the defendant upon this point is substantially as follows: C. W. Burrage, who had been county and city surveyor for six or seven years, first surveyed the north line of the Stark claim in 1862; he also surveyed it in 1864 and 1866. In 1862 the survey was commenced from the stone monument at the corner of A and Front streets, and after running west the distance to the section line as given in the field notes of the original survey, he found a stake marked S. 33 on one side, S. 34 and C. 45 on the other, which would indicate that the post was set in the line between sections thirty-three and thirty-four, and also in the line of the Stark claim, which is No. 45. This stake was verified by measuring south the distance stated in the field notes to the section corner, as well as

north to the half-mile stake.   The position of the stake was found to be correct, the distance to the section-post corresponding within two or three links to that mentioned in the field notes.   The course of the line as given in the field notes is N. 89° 10′ W.   The course of the direct line as run by Burrage is N. 88° 36′ W., and passes nine feet north of the buildings of the defendant mentioned in the complaint. The distance from the monument at the corner of Front and A streets to the post in the section line is forty-seven chains and forty-five links.   The location of the line was endeavored to be established by the plaintiff by the testimony of several persons, one of whom, D. P. Thompson, a surveyor, was present when Mr. Trutch made the government survey of the north line of the Stark claim in 1853 or 1854. The line run was blazed.   The ground at that time was covered with brush and logs.   It has since been cleared, and there is nothing now to identify the original line except to run from the northeast corner on the bank of the river on the course indicated in the field notes.   He had surveyed the line again in August, 1871, but recognized none of the monuments or surveyor's marks made at the time of the original survey, although his attention had been called to the stake discovered by Burrage.   A. B. Hallock, a surveyor, had set the monument at the corner of A and Front streets, and knew where the original line between Stark and Couch was run and marked.   A live tree stood near the west side of Fifth street, blazed on the east and west sides, ten inches in diameter.   This tree was cut down in 1855, and the stump removed in 1858.   The centre of the tree was about thirty feet south of the fence on the north line of A street. Joseph Tucker testified that the line of the Stark claim was blazed, and fixed it at the same place.

The court below dismissed the bill.

*Thayer & Williams,* for Appellant.

*Shattuck & Killin,* for Respondent.

By the Court, MOSHER, J.:

The question in this suit is the identification of a line in

the government surveys, all claims under the act of September 27, 1850, being recognized as legal subdivisions. We find the law to be, that in the government surveys the line actually run upon the ground by the original surveyors is the true line. Courses and distances, as contained in the field notes and plats, are but descriptions which serve to assist in ascertaining where the line was actually run. The law lays down no fixed rule as to whether courses or distances shall govern, as this depends upon the circumstances of each particular case. Marked lines and corners are the best evidence, and when they are established, courses and distances must yield to them. In determining this fact the court or jury must be governed by that evidence which carries conviction to their minds. It is claimed by the respondent that, having established the point at which the claim line crossed the section line, the true line is a direct one from that point to the agreed monument at the corner of Front and A streets. This position would be correct if the court were not satisfied from the evidence that the line, as actually run, was, as claimed in the complaint, as far west as the premises in controversy. Beyond this the court expresses no opinion.

The decision of the Circuit Court will be reversed and a decree entered in accordance with this.