†Frank Mogle v. Joseph Black.

1. In an Action for Assault and Battery Tort May be Counterclaimed.

In an action to recover damages for a tort the defendant may counterclaim for damages for a tort committed by plaintiff arising out of, or connected with, the cause of action set forth in the petition. The words "transaction" and "contract" in sec. 5072, Rev. Stat., are not synonymous.

. All Damages Recoverable in an Action for Tort are Compensatory or Punitive.

The damages recoverable in an action for a tort are of two kinds only: compensatory and punitive.

Error to the Court of Common Pleas of Darke county.

The petition in this case was filed to recover damages for an assault and battery committed upon plaintiff by the defendant. The answer of the defendant first avers matters in mitigation of damages. Then, by way of counterclaim, it avers that immediately preceding, and connected with, the assault which is the foundation of plaintiff's cause of action, the plaintiff maliciously slandered the defendant, whereby defendant was damaged in the sum of $2,000, for which he prays judgment.

To this counterclaim a demurrer was sustained in the court below.

A trial was then had, and a verdict rendered in favor of the plaintiff. A motion for a new trial having been overruled, a bill of exceptions was taken showing, among other things, that the defendant requested the court to charge the jury as follows:

"If you find that the plaintiff had circulated and told of and about the defendant, shortly before the assault, that the defendant had broken the nose of plaintiff's colt, which charge was told the defendant shortly before the assault, and that such charge was false, and that plaintiff, immediately before the assault, had reiterated such charge to the defendant in the hearing of others, while the charge made and the words used would not justify the assault, still, it may be, and is proper to be considered by you in mitigation of damages."

Which charge the court refused to give to the jury, but did charge the jury:

"That such matter was proper, and might be considered by the jury in the mitigation of exemplary damages, but could not be taken into consideration by the jury in mitigation of any compensatory or actual damages to which plaintiff might be entitled by reason of the assault and battery committed on plaintiff by the defendant."

To the refusal to charge, and the charge as given, proper exceptions were taken, and we are asked to reverse the judgment on the grounds that the court erred in sustaining the demurrer to defendant's counterclaim, and in refusing to charge as requested, and in charging as it did.

Stewart, J.

The first point made in the case is as to the sustaining of the demurrer to the counterclaim set up in the answer. It is claimed in support of the judgment of the court below that the matter therein set up does not constitute a counterclaim within the definition given in sec. 5072, Rev. Stat., which reads as follows:

"The counterclaim * * * must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

---

†This case was affirmed by the Supreme Court, on authority of this circuit court opinion, without further report; 51 O. S., 582.

One of the requisites of a valid counterclaim is that it must contain such facts as are recognized by courts of law or equity as constituting an existing cause of action, and which would have entitled the defendant to a judgment or decree in a separate action. Hill v. Butler, 6 O. S., 207. The other is that it must arise "out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or be connected with the subject of the action." No claim is made but what the facts stated in this answer conform in every respect to the first of these requisites.

There are authorities to be found in other states which hold that the claim made by the defendant in this action fails to fulfil the other requisite of a counterclaim, and therefore furnish authority for the judgment of the court below. While these authorities are persuasive, they should not be allowed to control, even in the absence of a decision upon this precise question by our courts, if they seem to contravene the spirit of the Code, and are at variance with the recorded opinions of eminent jurists in our own state.

Before calling attention to their opinions, an analysis of this section of the statute will show that they are founded, we think, in the better reason. It is evident that there are three different subjects embraced in its terms.

1. Cases in which the cause of action alleged as a counterclaim arises out of the *contract* set forth in the petition.

2. Those cases in which it arises out of the *transaction* set forth in the petition.

3. Those cases in which it is *connected with* the subject of the action. Pomeroy's Remedies & Remedial Rights, sec. 768.

The same author says in sec. 769:

"The difficulty in arriving at the true interpretation of the term "transaction" lies in the fact that it had no strict *legal* meaning before it was used in the statute. Being placed in immediate connection with the word "contract," and separated therefrom by the disjunctive "or," one conclusion is certain at all events, namely: that the legislature intended by it something different from and in addition to "contract." The most familiar rules of textual interpretation are violated by the assumption that no such signification was intended."

It would seem hardly necessary to cite authorities to support such a plain interpretation of this statute; but Mr. Pomeroy devotes many pages to establish what to us is self-evident, and says that he is required to do so, because some courts have taken such a narrow view of this statute as to hold the words "contract" and "transaction" to be synonymous.

Where words are used in a statute which have acquired a fixed legal significance, the legal presumption is that the legislature meant to use them in this legal sense. Turney v. Yeoman, 14 O., 207, 218; Grogan v. Garrison, 27 O. S., 50, 63.

But where the words used have no such "fixed legal significance," the legislative intent can only be arrived at by giving to them their ordinary and natural import, and in this way make their meaning consistent with the common sense of the community at large. Allen v. Little, 5 O., 65, 71; State v. Peck, 25 O. S., 26.

A "transaction" is defined by Webster, "that which is done;" "an affair." Thus, any primary right of the defendant which is violated in "that which is done," or "the affair" set forth in the plaintiff's petition, or connected with it, is, if we give the ordinary meaning to the words of the statute, a proper matter of counterclaim.

In the state of New York the strict construction has been given to the words of the statute, and it was held in the case of Schnaderbeck v. Worth, 8 Abb., 37, that "in an action for assault the defendant could not, by way of counterclaim, allege an assault by the plaintiff on the defendant at the same time and growing out of same quarrel." That this is not the law of Ohio is apparent from what is said by Minshall, J., in the case of Barholt v. Wright, 45 O. S., 177. This was an action for damages for an assault and battery, and it was claimed *as a defense*

to the action, that the plaintiff and defendant had fought by agreement, and the injuries were received during that fight. The court held that these facts did not constitute a defense; but at page 181 of the opinion it is said: "It would seem that under the code the right of each combatant to damages might be determined and measured in the same action"—exactly the contrary of the holding in Schnaderbeck v. Worth, *supra*.

Judge J. R. Swan in his Pleadings and Precedents, which he says was written "to enforce and illustrate the difference between common law pleading and pleading under the Code, a difference radical and irreconcilable frequently overlooked—some times perversely disregarded," says in a note under sec. 94 of the Code (now sec. 5072, Rev. Stat).

"No doubt, it is contrary to all the rules of the common law, that a jury should adjust the damages between two parties who have been guilty of assaulting each other at the same time; and yet it is precisely what should in justice be done; and where the plaintiff sues for an assault, and the defendant at the same time and in the same quarrel, was assaulted by the plaintiff, the two causes of action are so connected together as to come directly within the counterclaim provisions of the Code.  *  *  *  The object of the Code was to settle, as far as practicable, all controversies between parties, as is manifest in its rules as to joinder of causes of action, as to judgments between parties to actions, and in its allowance of a cross or counterclaim in causes of action arising as well in contract as any transaction, provided the counterclaim was connected with the subject of the action. The tastes of common law pleaders should not be permitted to interfere with these salutary provisions of the Code. They have their limitations and restrictions, which are to be found in the Code, and not elsewhere.
"The application to counterclaims of the rules of the common law relating to defenses is impossible, because a counterclaim itself not only introduces for trial a second cause of action, but that cause of action is confessedly no direct answer, in fact or law, to the claim of the plaintiff. Two independent issues and causes of action may thus be introduced for trial. The common law did not tolerate such a procedure, and has no rule in relation to it, but that of condemning it, and pronouncing it, as pleading, absurd.  *  *  *  But absurd as the Code counterclaim must be admitted to be, when tested by the rules of common law pleading, it would be still more absurd to restrict and limit it by the application of those rules. The code has allowed two causes of action existing between parties arising out of a contract or transaction between them, to be pleaded and tried in one action. The Code does not limit this mode of adjusting two such causes of action to liquidated claims or to contracts. The ground upon which a limitation can be introduced is not found in the Code, but must be sought in the abrogated rules of common law pleading, relating to single issues and defenses, and the requisites of pleas in bar. Thus, A. says to B., your are a thief; and B., as an answer to the slander, gives A. a blow. Now, if A. sues B. for the assault and battery, may B. counterclaim the slander?  *  *  *  In my opinion the Code allows a counterclaim in such and like cases. In principle, there is no difference between allowing fraudulent representations upon a sale of property being counterclaimed, and a tort arising out of another tort. Both are counterclaims for uncertain damages, and arising out of the subject-matter of the action." Swan's Pl. and Pr., p. 259 *n* (*a*).

We have quoted thus fully from Judge Swan's opinion, because it shows why there has been a difference in the holdings of courts in construing the law in states which have similar provisions, and because looking to the purpose and object of adopting the Code system of pleading, we think his reasoning unanswerable, and his conclusion inevitable.

Following, then, what we think the better reasoning, it seems to us that the court below erred in sustaining the demurrer to this counterclaim, and for that reason the judgment ought to be reversed.

The other error alleged is in the charge and the refusal to charge as requested. In this regard we find no error in the record. It is admitted by counsel for plaintiff in error, that the charge of the court would have been correct if it had said that the matters alleged could not be considered in mitigation of "actual" damages, but that the error of the court was in the use of the word "compensatory."

An examination of the charge as given shows that the court used the words "compensatory" and "actual," as synonymous, and in this the court was right. It is true that at one time the Supreme Court of Wisconsin held that, in an action for a tort, there were three kinds of damages, actual, compensatory and exemplary. But that is not the law now in Wisconsin, and never was anywhere else so far as we have been able to find.

Compensatory damages are defined as such damages as measure the actual loss, and are allowed as amends therefor.

Exemplary, punitive or vindictive damages, such as are in excess of the actual loss, are allowed in theory where a tort is aggravated by evil motive. Compensatory damages are all damages other than exemplary or punitive damages. Anderson's Law Dict., "Damages;" Century Dict., same; 1 Sutherland on Damages, p. 17.

In the case of Smith v. Railroad Co., 23 O. S., 10, McIlvaine, J., at p. 18, says:

"It is true, the law does not profess to compensate for remote and possible injuries resulting from the act of a wrongdoer, but it does profess to make the injured party whole, by compensating him, in damages, for all the natural, necessary and probable injuries resulting therefrom; and that, too, without respect to the motives which influenced the wrongful act. And this upon the plainest principles of justice; for, as between innocent parties, if an injury must be sustained, he who caused the injury should bear its consequences. This process of reasoning brings us to the inevitable conclusion, that injuries to the person, whether they consist of mental or physical pain, as well as loss of time or property, which naturally and necessarily result from the wrongful and deliberate act of the defendant, are proper subjects for the consideration of the jury in their estimate of compensatory damages."

This language of the learned justice shows clearly that in actions for damages for a tort, the damages recoverable are of two kinds only, compensatory and punitive, and that such damages must and do fall within one or the other of these classes.

For error in sustaining the demurrer to the defendant's counterclaim the judgment will be reversed.

Sater & Robeson, for plaintiff in error.
Anderson & Bowman, for defendant in error.