[Filed February 29, 1892.]

## B. VANDUSEN ET AL. *v.* C. W. SHIVELY.

EVIDENCE—BOUNDARIES—COURSES AND DISTANCES—MONUMENTS.—The loca-
tion of a disputed boundary is a question of fact to be determined from
the evidence, wherein the object is to follow in the "footsteps of the sur-
veyor" who established the original line; and, in so doing, courses and
distances must yield to monuments, such as marks and blazes on trees
and other like indicia of the line.

Clatsop county: F. J. TAYLOR, Judge.

Defendant appeals. Reversed.

*Sidney Dell*, for Appellant.

*J. Q. A. Bowlby*, for Respondent.

BEAN, J.—This is a suit to establish the west line of the
donation claim of John M. Shively, in Clatsop county.
The real controversy in the case is the true location of the
southwest corner of the claim. Plaintiffs claim this corner
to be identical with the northwest corner of the donation
claim of H. S. Aiken, as established by the government
surveyor in 1859, while defendant claims the corner to be

one hundred and forty feet west of the supposed Aiken corner. The Shively claim was located in 1844, and the boundary lines thereof surveyed and marked on the ground by a private surveyor. After the passage of the donation law, to wit, in 1856, the claim was surveyed by John Trutch, a government surveyor, and the corners established, but the southwest corner, as fixed by him, seems to have become obliterated and lost, so that it cannot now be found. In 1857 the McClure and Cook claims, which adjoin Shively's claim on the west, were surveyed, the field-notes of which call for the west line of Shively's claim as the east line of these claims. In 1859 the Aiken claim, adjoining Shively on the south, was surveyed. The field-notes of this claim show that the southwest corner of the Shively claim, as established by Trutch, is the northwest corner of this claim, and its north line is the south line of the Shively claim. In making the survey of the Aiken claim it seems that the southwest corner of the Shively claim as established by Trutch was not found by the surveyor, but a new stake was set by him at the point he supposed to be the true location of the corner. It is from this stake plaintiffs contend the true line in dispute should commence and be extended north to the admitted northwest corner of the Shively claim.

The line as actually run on the ground by Trutch, if it can be ascertained, is the line which must govern in this case, and courses and distances, as given in the field-notes, must yield thereto. (*Goodman* v. *Myrick*, 5 Or. 65.) The location of this line is a question of fact to be ascertained from the evidence. The courses and distances as given in the field-notes are but descriptions which serve to assist in determining where the line was actually run. But where the line can be shown from the marks and blazes on the trees or other natural monuments or calls, the courses and distances must yield to it. In cases of this kind, the object

is to follow in the "footsteps of the surveyor" as nearly as possible. No fixed or certain rules can be laid down by which questions of disputed boundaries can be settled, but each case must depend upon its own particular facts. The courses and distances in this case are entitled to but little weight in determining the line in dispute, as they do not correspond with the line as claimed by either party.

The evidence is not at all satisfactory, owing in part to the lapse of time since the claim was surveyed, the changes that have taken place in the surface of the country, the destruction of the witness-trees at the southwest corner, and the destruction of many of the marked trees along the line; so that we can only hope to approximate a correct result. From an examination of the evidence, it seems to us the line claimed by defendant is shown by a preponderance of the evidence to be the one actually run by Trutch, and therefore the true location of the line in dispute. It is identified by J. M. Shively as the line run by him in 1844, when he surveyed the claim for O'Neil, and the evidence shows that Trutch followed this line in making his survey. It substantially agrees with the natural calls in the Trutch field-notes, especially the crossing of the two creeks, while none of these calls is found on the line as claimed by plaintiffs.

It is distinctly traceable on the ground, according to the evidence, by the marks and blazes on the trees, and substantially agrees with the reputed claim line as evidenced by the fence between Brown & Stevens and the fence of Flavel. It intersects the northwest corner of block 56, Shively's Astoria, as laid out and platted in 1844, as shown on the plat; while the line claimed by plaintiff is about fifty feet east. The evidence indicates that it intersects the southeast corner of the McClure claim and crosses the section line at or near the point called for in the field-notes, while plaintiffs' line crosses the section line some sixty feet farther east. These, and other facts not necessary to state,

impel us to the conclusion that on the evidence before us, the line as contended for by defendant must prevail.

The plaintiffs' contention is supported only by the fact that what they claim to be the southwest corner of the Shively claim is the northwest corner of the Aiken claim as located in 1859, and which was intended to be identical with the true southwest corner of the Shively claim, and is within six feet of the correct distance from the southeast corner of the Shively claim according to the field-notes. This corner was established or located about three years after the Shively claim was surveyed, and of course cannot prevail over the true corner of that claim, when ascertained. That it is located at the correct distance from the southeast corner of the Shively claim is a circumstance in plaintiffs' favor, but not a controlling one, when it is considered that none of the government calls are found on the line extended from this point to the northwest corner of the Shively claim, nor does it bear the correct course or distance; and, according to the statement of defendant's counsel, it would, if adopted, "cut off ten of the patent number of acres" from the Shively claim.

It follows that the decree of the court below must be reversed and the cause remanded with directions to appoint a commission to mark upon the grounds with proper monuments the west line of the Shively claim, commenceing at the northwest corner of the claim, and running thence in a straight line to a point one hundred and forty feet west of the stone monument set for the southwest corner of the claim by the commissioners appointed by that court in this suit.