Decided 16 November, 1903.

### SCHMIDTKE *v.* KELLER.

[73 Pac. 332, 74 Pac. 222.]

DISMISSING APPEAL—NATURE OF PROCEEDING.

1. Where a cause was instituted as an action at law, a jury waived, findings of fact and law made by the court, judgment rendered, and a bill of exceptions settled as in an action at law, it will on appeal be sufficiently regular for the appellant to file the first brief as if it were an action at law, and he will be allowed to file the evidence as if the cause were in equity, which question the court will not determine on a motion to dismiss the appeal.

BOUNDARIES—MONUMENTS CONTROL DISTANCES.

2. In determining the boundaries of land which is part of an original government survey, the courses and distances designated by the field notes must give way to the monuments marking the original survey, when their location can be ascertained.

REJECTING PART OF DESCRIPTION IN DEED.

3. In construing deeds it is sometimes necessary to reject part of the description in order to make sense or to carry out the obvious intention of the parties, and it may be done if there remains enough to show the intention and preserve the grant.

TENDER—ESTOPPEL ON CHANGING GROUND OF REFUSAL.

4. A vendee of land having refused a tendered deed solely because the vendor did not have a title, will not be permitted, when sued for his breach of contract, to further object that the description in the deed is incorrect, where the land in question is conveyed, though with additional property not meant to be sold.

From Clackamas: THOMAS A. McBRIDE, Judge.

This was an action by Gottleib Schmidtke and others against George Keller. Plaintiffs had judgment, and defendant appealed. Respondent moved to dismiss the appeal, whereupon appellant moved for a rule to bring up the evidence. After a disposal of these motions, and a further one to determine whether the proceeding was at law or in equity, the appeal was heard on its merits.

MOTION TO DISMISS OVERRULED.

MOTION FOR RULE GRANTED.

AFFIRMED.

ON MOTION FOR RULE TO CERTIFY UP EVIDENCE.

ON MOTION TO DISMISS APPEAL.

*Mr. C. D. Latourette* for the motion for a rule.

*Mr. J. C. Moreland* for the motion to dismiss.

PER CURIAM. The transcript was filed in this case May 13, and the abstract June 11, 1903, but no briefs have been filed by either party. Subsequently the appellant filed a motion "for an order determining the character of this proceeding, designating which party shall file the first brief." On June 30th the respondents moved to dismiss the appeal for the reasons (1) that, if the cause is an action at law, the appellant has failed to file his brief within the time required by the rules of this court; and (2) if it is a suit in equity, he has failed to file the evidence in the cause in this court. Thereupon the appellant filed a counter motion, asking leave of the court to bring up the evidence. The arguments of counsel on the presentation of these motions were directed principally to the question of whether the case was an action at law or a suit in equity. This determined, it would be plain as to who should file the first brief. But, without deciding as to the nature of the controversy, it is enough for the determination of the

matter before us to say that the cause was instituted as an action at law, a jury waived, findings of fact and law made by the court, judgment rendered, and a bill of exceptions presented and settled as if it was of that character; and it will be sufficiently regular for the appellant to file the first brief. He may have leave also to file the evidence in this court, and a rule upon the clerk of the circuit court to send it up, so that he may be prepared to meet an attack from either quarter. The question as to the nature of the proceeding, of which the parties seem to be in doubt, is one to be determined upon the merits, if vital to the cause, and should not be disposed of until after due deliberation, upon a full hearing in the regular way. But, inasmuch as appellant's primary motion seems to have been interposed in entire good faith, the respondent's motion to dismiss will be overruled. Let an order be entered in accordance with this opinion.

RULE GRANTED; MOTION TO DISMISS OVERRULED.

## ON THE MERITS.

For appellant there was a brief over the names of *Robert A. Miller* and *C. D. & D. C. Latourette*, with an oral argument by *Mr. C. D. Latourette*.

For respondents there was a brief and an oral argument by *Mr. Julius C. Moreland*.

MR. JUSTICE WOLVERTON delivered the opinion.

1. This case seems to have been instituted as an action at law to recover the purchase price named in a mutual agreement entered into between the parties, whereby the plaintiffs, for the consideration of $167.50, to be paid by the defendant on or before the 6th day of February, 1902, agreed to convey to him at the same time a piece of real property containing four and one-half acres, definitely described in said agreement. Plaintiffs allege a tender of the

deed, its refusal and deposit in the court below for defend-
ant, and demand judgment for the amount of such con-
sideration. A jury was waived, and a trial had before the
court, findings of facts and law made, judgment rendered,
and a bill of exceptions allowed and settled as in an action.
Plaintiffs having been successful, the defendant appeals;
and, having obtained a rule on the clerk of the circuit
court, and procured the certification of the entire evidence
to this court, he now contends, as his major premise, that
the proceeding is in equity to compel the specific perform-
ance of the contract set up in the complaint, and is not an
action at law. As we have concluded that the result of the
adjudication by the trial court must be affirmed in either
event, we will take the premise for granted, but without
deciding the point, and discuss the matter as if in a forum
of equity. But two questions are presented: (1) Whether
the plaintiffs are the owners of the tract in question, so as
to be able to convey the same to the defendant by good
and sufficient deed; and (2) whether the deed so tendered
is sufficient to convey the premises.

2. The first depends upon whether under the proofs the
tract lies within the boundaries of the William G. and
Sally C. Poppleton donation land claim, situate in town-
ship 3 north, range 2 west; and this depends, again, upon
the location of the true south boundary line thereof. The
claim is described as beginning at the northeast corner of
said section 16, and running thence east 50 chains and 55
links; thence south 33 chains; thence west 20 chains, 10
links; thence north 3 chains; thence west 84 chains and
50 links; thence north 30 chains; and thence east 53
chains and 84 links, to the place of beginning—contain-
ing 319.53 acres. Mr. Thomas S. Wilkes, who is conceded to
be a competent surveyor, was called as a witness in the case
with reference to such south boundary. He made two sur-
veys, whereby he located a portion of the line sufficient to

determine, whether the tract in controversy lies within the claim. He testifies, in substance, that he began at the northwest corner of the claim, and ran south for the purpose of locating the southwest corner, but could not find it at thirty chains, as denoted by the call. Continuing south, however, three chains and sixty-five links further, he found bearing trees from which he located the true southwest corner, the bearing trees consisting of a dead cedar fifty inches in diameter, containing illegible fragments of the government marks thereon, they having been burned over, and another cedar, thirty inches in diameter, with burned-out marks, not decipherable; that he ran east from there on a random line, preliminary to a location of the south boundary, and at thirty-nine chains and sixty links from the section line between sections 15 and 16 he found bearing trees, and located the true corner at that point, where he found an ash bearing tree and the stump of another ash, and, as his recollection serves him, a part of an old stake. From this and a prior survey he made a plat of the claim, which was offered in evidence, and is here in the record, showing the true south boundary and the location of the tract in question, which appears therefrom to lie to the north of said south boundary, and wholly within the Poppleton claim. There is no evidence to dispute or contradict this in any way, while the testimony of John Schmidtke affords material corroboration. From this record it is reasonably certain that Wilkes found the original monuments as located upon the ground by the government surveyors, and made his location of the south boundary line accordingly. He also testifies that in running the line he followed blazes found on the trees along the way, which is some indication as to where the line was actually marked upon the ground. The location of the monuments marking the original government survey having been ascertained, the courses and distances as desig-

nated by the field notes, must yield to them: *Van Dusen v. Shively*, 22 Or. 64 (29 Pac. 76); *Kanne* v. *Otty*, 25 Or. 531, 537 (36 Pac. 537). And this rule having been applied by Wilkes in locating said south boundary, we must conclude that plaintiffs are invested with the title of the tract in dispute, and consequently are able to give a good and sufficient conveyance therefor.

3. As to the second question, the third and fourth calls in the deed tendered and now in court are as follows: "Thence north 10 rods to the northeast corner of Schmidtke's said land; thence west 67 rods, more or less, to the place of beginning." It was evidently intended that the third call should run north ten rods to the southeast corner, instead of the northeast corner, of Schmidtke's said land, the latter point being thirty chains still further north; but, when the last or fourth course or call is carried to the place of beginning, the boundaries close, so that the tract in question is included, at any rate, within the boundaries contained in the deed, thus affording a good conveyance of the title, notwithstanding they circumscribe too much area.

4. When the deed was tendered, the defendant based his sole objection thereto upon the want of title in the plaintiffs, and it was not until the case was brought on for trial that he made the specific objection to the incorrectness of the description; and, in view of the fact that he is getting, at any rate, a conveyance of the premises involved, he should not now be permitted, in a court of equity, to urge such incorrectness of description to defeat plaintiffs' cause. And even if we were looking into the case from the standpoint of a court of law, the findings of the trial court would be equally as effectual to conclude him upon the subject.

AFFIRMED.