Argued at Pendleton May 5; affirmed June 9; rehearing
denied June 16, 1931.

## SINE *v.* CITY OF LA GRANDE
(300 P. 348)

*R. J. Kitchen,* of La Grande, for appellant.

*Robert S. Eakin,* City Attorney, and *George T. Cochran,* both of La Grande (Cochran & Eberhard, of La Grande, on the brief), for respondent.

RAND, J. On the evening of March 1, 1930, at about 8 o'clock, while plaintiff and his wife were walking along the sidewalk and crossing a private

driveway on the north side of Pennsylvania avenue in the city of La Grande, on which a film of ice had formed, she fell, breaking her leg and died six days later of embolism. Plaintiff, as administrator of her estate, brought this action to recover damages from the city for her death. He alleged negligence upon the part of the city in permitting the driveway to be constructed on a uniform grade from the outer edge of the sidewalk to the curb instead of requiring it to be so constructed that the driveway would reach the level of the sidewalk within 2½ feet of the gutter. There was a distance between the sidewalk and the curb of 13 feet and a difference in the elevation of the sidewalk above the gutter of about 6 inches.

The complaint alleges that the driveway, as so constructed, did not conform to the requirements of an ordinance of the city. The ordinance provides as follows:

"Any and all private driveways for motor and other vehicles shall be as follows: The concrete curb is to be broken out to the bottom of the gutter and a concrete incline constructed and brought to a grade not to exceed 2½ feet back of the curb line, unless otherwise approved by the city engineer."

The court, after calling the attention of the jury to the provisions of the ordinance to which we have referred, charged the jury in these words:

"* * * In this connection I instruct you that the ordinary meaning of the words 'concrete incline constructed and brought to a grade' is the placing of the surface of the driveway upon a uniform line of ascent or descent, which is sometimes expressed as a certain amount of rise or fall per foot, and if you find from the evidence that the surface of the driveway in question was constructed upon a uniform line of ascent or descent, as the case may be, and was brought to a grade two and one-half feet back of the curb line, then such construction is in accordance with said ordinance."

The court also further instructed the jury:

"I further instruct you that the plaintiff claims that the injury to his decedent was caused by the slippery condition of the sidewalk and driveway, caused by a film of ice thereon, combined with the slant of the driveway, which extended from the curb line to the sidewalk, and unless you find that such a slant was a defect in the street, which it was the duty of the defendant city to remove and protect persons against, and that such defect, if any, was the natural and probable cause of the injury, proximately contributing thereto, then your verdict must be for the defendant."

To the giving of these instructions, the plaintiff excepted.

■ We think that the first instruction excepted to was more favorable to the plaintiff than he was entitled to. There was an entire failure upon the part of plaintiff to show that the manner in which this driveway had been constructed had not been approved by the city engineer, and this, we think, was fatal to plaintiff's right of recovery upon the ground that the driveway had not been constructed in the manner provided by the ordinance. Under the pleadings, for plaintiff to maintain his action it was necessary for him to show that decedent had sustained the injuries complained of because of the defective condition of the driveway, and that if the driveway had been constructed in the manner provided in the ordinance the injuries would not have been sustained. The ordinance itself provided that, unless a private driveway was constructed in the manner provided, the construction thereof would be unlawful "unless otherwise approved by the city engineer." If approved by the city engineer, the manner of construction, under the ordinance, would be legal. But independently of these considerations, the evidence on the part of the city showed, and it was not disputed

by plaintiff, that about one-half of the private driveways in the city of La Grande were constructed on a grade extending from the curb to the sidewalk adjacent thereto, and that in the other cases the driveways were so constructed that whatever difference in elevation there might be between the surface of the gutter and the surface of the sidewalk this difference was overcome by constructing the driveway so that it would reach the level of the sidewalk within 2½ feet of the back of the curb line. The ordinance refers to a grade. It does not specify whether it has reference to the grade of the sidewalk or to the grade of the gutter at the side of the curb. The evidence referred to shows that the city officials placed such a construction upon the ordinance that the construction of the driveway in either of said manners was a compliance with the requirements of the ordinance, unless the manner of such construction should fail to meet the approval of the city engineer. This contemporaneous construction of the city officials charged with the duty of enforcing the ordinance should have great weight in determining the proper interpretation to be given to it by the courts: 43 C. J., p. 572.

██ The ordinance in question is capable of two interpretations in that it does not define which grade is referred to. It is conceivable that cases may arise in the city of La Grande where, in the laying out of city streets, cuts may be made which will leave the abutting property at a considerable elevation above the surface of the street, which would make it unreasonable to contend that, in the enactment of this ordinance, its framers intended that the difference in elevation between the street and the sidewalk, if constructed on the level of the adjoining property, must be overcome within 2½ feet of the curb. There is a presumption that official

duty has been performed and, in the absence of some evidence sufficient to overcome the presumption, we must presume that this driveway was constructed with the approval of the city engineer, and in the manner provided by the ordinance.

■■ There was no pretense in the case that there was any defect in the sidewalk itself or in the driveway, except the contention that the driveway had not been constructed as provided in the ordinance. That being so, the second instruction referred to correctly stated the law applicable to the situation presented by the evidence. The evidence showed that there had been a slight thaw on the day of the accident and a freeze on the following night and that plaintiff's decedent, in passing the driveway, slipped on a film of ice covering the intersection of the driveway with the sidewalk. The evidence showed that the sidewalks in the city of La Grande are constructed on a grade of ¼ inch to the foot and that the driveway itself was constructed on a grade of 6/13 of an inch to the foot. The fact that a film of ice had collected at that place by reason of the natural conditions existing at the time which the city could not possibly have prevented would not render the city negligent because of the fact that ice had formed along the course which decedent was following at the time the accident occurred.

Upon the trial of the cause, the jury returned a verdict in favor of the city. A careful examination of the entire record leads to the conclusion that, although this estimable woman sustained injuries which caused her death, the case was fairly tried and a just verdict rendered. The judgment, therefore, must be affirmed and it is so ordered.

Rossman and Kelly, JJ., absent.