Argued October 31, affirmed as modified December 7, 1960

## JENSEN *v.* WESTENSKOW

357 P. 2d 383

C. *Richard Neely,* La Grande, argued the cause for appellant. On the brief were Helm & Neely, La Grande.

*Ross E. Hearing,* La Grande, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and KING, Justices.

McALLISTER, C. J.

This is a suit in equity brought pursuant to ORS 105.705 to 105.725 to establish the boundary line between the lands of the plaintiff and of the defendants. The court entered a decree fixing the location of the boundary and appointing commissioners to mark said boundary upon the ground. Plaintiff appeals.

The disputed boundary is the south line of plaintiff's land and the north line of the defendants' land. The deeds by which both parties acquired their lands describe the common boundary as an old road known as county road No. 562. The road in question ran along Clark's creek in Union county near Elgin and was established in 1902. In 1910 a new road, known as county road No. 621, was built some distance to the north and the old county road No. 562 was vacated and abandoned. The old road has been obliterated for many years and there are no reliable markings on the ground to indicate where it was located.

The parties disagree as to the location of the old road. Defendants contend that it ran along the south side of Clark's creek between the creek and the foot of a hill that rises to the south from the creek bottom. Plaintiff contends that the old road was located some distance up the hill.

Plaintiff called several persons who had used the old road at times but their testimony was too vague and indefinite to be of any value in fixing the location of the road. The record contains no reliable evidence tending to support plaintiff's theory that the road as it ran between the properties of the parties was on the hillside.

Defendants called two persons, both of whom had formerly owned plaintiff's property while the old road was still in existence. Both of these witnesses testified that the old road ran south of Clark's creek, generally along the base of the hill, but in places nearer the creek and in places between the creek and the hill. The testimony of these witnesses was very convincing as to the general location of the road but entirely lacked that degree of particularity necessary to settle a dispute of this kind.

■ The defendants offered in evidence the record of the proceedings of the county court establishing the old county road No. 562. This record included the field notes of the survey by the county surveyor when the road was laid out by the Board of County Viewers. The county court ordered the supervisor of the road district to open up the proposed road according to law.

The decree of the trial court fixed the boundary between the lands of the plaintiff and the defendants on the line of the old county road as surveyed by the county surveyor and described in his field notes. In the absence of evidence to the contrary, we must presume that the old county road No. 562 was located on the ground as ordered by the county court in accordance with the survey thereof. The law presumes that official duty has been regularly performed. ORS 41.360(15). See *Jehovah's Witnesses v. Mullen et al.,*

214 Or 281, 330 P2d 5; *Hammons v. Schrunk et al.,* 209 Or 127, 305 P2d 405; *Latourette v. Kruse,* 139 Or 422, 10 P2d 592 and *Sine v. City of La Grande,* 136 Or 568, 300 P 348.

■ It is true, as contended by the plaintiff, that if the location of the old county road could be accurately ascertained from reliable monuments, such location would control over the survey. *Schmidtke v. Keller,* 44 Or 23, 73 P 332, 74 P 222; *McDowell v. Carothers,* 75 Or 126, 135, 146 P 800; and *Newton v. McKeel,* 142 Or 674, 21 P2d 206. However, since there are admittedly no such monuments, we agree with the trial court that the field notes are the best evidence as to the location of the former road.

■ It should be borne in mind that the report of the commissioners who establish the boundary and mark it out upon the ground is subject to review by the court. If exceptions are filed to the report, the parties may be heard and the court "may confirm, modify or set aside the report as is just." ORS 105.725.

■ The decree of the lower court assessed to the plaintiff the cost of the survey as well as all other costs incident to the suit. We agree that the costs of the suit should be assessed against plaintiff. However, the expense of surveying the boundary and marking it on the ground should be charged equally to the plaintiff and defendants, both of whom will be benefited thereby. *Newton v. McKeel,* supra.

The decree of the trial court is modified to provide that the expense of surveying the boundary and marking it on the ground should be charged equally to the plaintiff and the defendants. As modified, the decree is affirmed with costs to the defendants in this court and the court below.