Union National Bank of Racine vs. Benjamin and another.

UNION NATIONAL BANK OF RACINE VS. BENJAMIN and another.

*November 8 — November 25, 1884.*

PRACTICE. *(1) Service of answer. (2) Permitting answer after default: Terms: Abuse of discretion.*

1. Valid service of an answer can be made when the plaintiff's attorney is in his office only by delivering a copy to such attorney personally.

2. An order setting aside a judgment by default for $5,616.80, and permitting the defendants to answer, was made upon condition that the defendants file a bond with sureties, in the penal sum of $10,000, for the payment of any judgment which the plaintiff might finally recover. *Held,* that it was an abuse of discretion to impose terms so severe, and the court below is directed to permit the defendants to answer, and allow the judgment to stand as security for the plaintiff's claim.

APPEAL from the County Court of *Milwaukee* County. The attorneys of the parties in this action have their offices in the city of Milwaukee. On the last day allowed by law for serving answers to the complaint herein, the attorney for the defendants sent a messenger to the office of plaintiff's attorneys to serve upon them copies of the answers of the defendants. Mr. Smith, one of the attorneys for the plaintiff, was in the office at the time. The messenger rapped at the office door, and one of the clerks in the office opened it. The messenger thereupon delivered the copies to him in the hall outside the office. The clerk saw what the papers were, and threw them after the messenger who was leaving the hall, telling the latter they were not for him. Subsequently, by direction of Mr. Smith, the clerk picked up the papers and sought to return them to the messenger, but did not find him. It appears that they never came to the hands of either of the attorneys for the plaintiff. On the following day, on an affidavit that no

answer had been served, judgment was entered against the plaintiff for the amount due upon the note in suit.

A motion was thereupon made on behalf of the defendants to set aside and vacate such judgment. It went upon the claim that the answers had been served. The motion was denied, without prejudice.

The defendants then moved, upon affidavits and verified answers, that the judgment be set aside, and they have leave to interpose answers and defend the action. The motion was granted upon the terms that within five days the defendants serve and file a bond with sureties, in the penalty of $10,000, conditioned to pay any judgment the plaintiff might finally recover in the action. The order also prescribed the manner in which the sureties should justify their responsibility.

This appeal is by the defendants from the order denying the first motion to vacate the judgment, and from the condition in the order made on the second motion requiring them to give a bond with sureties.

For the appellants there was a brief signed by *Turner & Sloan* and *H. L. Buxton*, and a supplemental brief signed by *W. J. Turner*, and the cause was argued orally by *Mr. Turner*.

For the respondents there was a brief by *Jenkins, Winkler & Smith*, and oral argument by *Mr. Winkler*. To the point that the terms imposed by the trial court will not be interfered with unless there was a gross, flagrant, and palpable abuse of discretion, they cited: *Selover v. Forbes*, 22 How. Pr. 477–8; *Dole v. Northrop*, 19 Wis. 249; *Magoon v. Callahan*, 39 id. 141; *Smith v. Smith*, 51 id. 665; *Ray v. Northrup*, 55 id. 396; *Andrews v. Campbell* 94 Ill. 577; *Dunlap v. Gregory*, 14 Bradw. 601.

LYON, J. 1. The only manner in which effectual service of the answers could have been made was by delivering the

copies thereof personally to one of the attorneys of the plaintiff, or, in case of the absence of all of them from their office, by leaving such copies therein with their clerk, or a person having charge of their office. When the attempted service was made, one of those attorneys was in the office. Hence no valid service could be made without delivering the copies personally to such attorney. This was not done. The copies were not delivered in the office, and never came to the hands of either of the attorneys for the plaintiff. There was, therefore, no effectual service of the answers, and the judgment by default was strictly regular. R. S. sec. 2820.

It follows that the court properly denied the first motion to vacate the judgment, which went upon the theory that the answers had been properly served. The order denying that motion must therefore be affirmed.

2. The motion for leave to answer and defend the action was addressed to the discretion of the trial court, conferred upon it by sec. 2832, R. S. That court has determined that the defendants have made a case entitling them to relief, and has exercised its discretion in their behalf. That portion of the order is not appealed.

We think, however, that the terms imposed as a condition for granting relief are unjustifiably severe. Doubtless, it is proper and right that terms should be imposed which, as near as may be, will place the plaintiff in as favorable a position as he would have been in had relief been denied. But the order of the court places the plaintiff in a better position, for it gives it absolute security for any judgment it may recover in the action. It seems to us that it would be just and equitable that the relief should be granted without disturbing the judgment, which would stand as security for the plaintiff's claim. The plaintiff can then proceed at once to collect the judgment, unless the court, upon proper security being given for the payment thereof, or of any judg-

Hanlin vs. The Chicago & Northwestern R'y Co.

ment which may hereafter be recovered in the action, shall stay execution thereon. The imposition of such terms is sanctioned by the law, and is quite frequent in practice.

The portion of the second order appealed from must therefore be reversed, and the cause will be remanded, with directions to the county court to permit the defendants to answer and defend the action on the terms above indicated.

Because one of the orders appealed from is affirmed and the other reversed, we think it equitable to direct that the appellant be allowed no costs in this court beyond one half the clerk's fees. No costs are allowed to the respondent.

*By the Court.*— Ordered accordingly.