Decided at PENDLETON, July 20, 1895.

## BURGTORF v. BENTLEY.
[41 Pac. 163.]

1. APPEAL — FAILURE TO INCLUDE TESTIMONY OR BILL OF PARTICULARS IN THE RECORD.— Where there is no bill of exceptions or testimony in the record, the court will consider only whether, under the findings, appellant is entitled to the relief asked.

2. PRESUMPTION.— Where a trial court, in granting a mandamus requiring a justice of the peace to allow an appeal and stay of proceedings, finds that the justice's refusal to allow the same was without excuse, but fails to impose a fine, it will be presumed that the court found that the justice's conduct was caused by ignorance of law, and was not prompted by bad faith or a disregard of duty.

3. COSTS— DISCRETION OF COURT.—A justice of the peace who becomes a partisan in a case and defends a proceeding by mandamus to compel him to allow an appeal and stay of proceedings which he has refused without excuse will be charged with the costs and expenses both of the trial court and of an appeal taken by him.

APPEAL from Baker: MORTON D. CLIFFORD, Judge.

This is a mandamus proceeding, instituted by Herman Burgtorf for the purpose of compelling W. H. Bentley, as justice of the peace for Baker City Precinct in Baker County, to allow an appeal and stay of proceedings in a certain action tried before him in August, eighteen hundred and ninety-four.   An alternative writ was issued and served, and upon the return of the defendant thereto the cause was tried by the court below, without the intervention of a jury, and from its findings the facts appear to be that on August thirteenth, eighteen hundred and ninety-four, a judgment was rendered by the defendant

as justice of the peace in an action of forcible entry and detainer pending before him, in which one Eliza Geiser was plaintiff, and the petitioner (Burgtorf) defendant, in favor of the plaintiff for the restitution of the premises in controversy and cost of action.   As soon as the judgment was announced, and before it was entered in the record, an execution which had previously been prepared was signed by the defendant and placed in the hands of the constable for service, although the petitioner was present by his counsel, protesting and notifying the justice and the prevailing party that he desired to appeal from such judgment immediately, and would do so as soon as the papers could possibly be prepared.   But, notwithstanding the protest of the petitioner, within an hour after the judgment was announced, and before it was entered of record, and before the papers for an appeal could possibly be prepared, the constable proceeded to comply with the commands of the execution, and forcibly ejected the petitioner from the premises, and delivered the possession thereof to the said Eliza Geiser, although the petitioner had in fact been in the quiet possession for nine years prior thereto, and had set that fact up in his answer to her complaint.   While the constable was engaged in the execution of the writ, and before the return thereof, Burgtorf duly perfected an appeal by giving notice and filing the necessary undertakings on appeal and for a stay of execution, required by law, and demanded of the defendant that he allow the appeal and recall the execution, which, without lawful excuse, he neglected and refused to do.   After the appeal had been perfected, the constable returned the writ with his proceedings indorsed thereon, showing that he had ejected the petitioner and put Eliza Geiser in possession of the premises.   The circuit court found that the petitioner was damaged by reason of the premises in the sum of

one dollar, and as conclusions of law that he was entitled
to a preëmptory mandamus to compel the defendant to
allow the appeal, and recall the execution as of the thir-
teenth of August, eighteen hundred and ninety-four, to
one dollar damages, and costs and disbursements of the
proceedings.   A judgment to that effect was rendered on
November twenty-seventh, eighteen hundred and ninety-
four, and the defendant, without complying therewith,
and for the purpose of staying its execution, on the third
day of December perfected an appeal to this court.
On the twenty-seventh of April, eighteen hundred and
ninety-five, the petitioner also appealed.   The defendant
abandoned his appeal by failing to file a transcript, but
the petitioner brings the transcript here, and now asks
this court to award him damages to which he claims to
be entitled, and impose a fine upon the defendant under
the provisions of section 603 of Hill's Code.   This sec-
tion provides that whenever a peremptory mandamus is
directed to a public officer commanding the performance
of any public duty specially enjoined by law, if it ap-
pears to the court or judge thereof that such officer has,
without just excuse, refused or neglected to perform the
duty so enjoined, the court may impose a fine not ex-
ceeding five hundred dollars.              Affirmed.

For appellant there was a brief by *Messrs. Rand, Will-
iams and Shinn,* and an oral argument by *Mr. J. L. Rand.*

For respondent there was a brief by *Messrs. Thomas H.
Crawford,* and *Hyde and Packwood,* and an oral argument by
*Mr. Crawford.*

Opinion by Mr. Chief Justice Bean.

1.   The proceedings by the justice were unquestiona-
bly in violation of a statutory right of the petitioner, but

if it be conceded that the section quoted applies to a judicial officer acting in a judicial capacity in determining the rights of a private individual, and that the refusal of the trial court to enforce its provisions can be reviewed on appeal, there is not enough in this record to enable us to do so.    There is no bill of exceptions or testimony in the record, and the only question it presents is whether, under the findings of the court below, the petitioner is entitled to the relief he asks at the hands of this court. The amount of damages sustained by him is conclusively fixed by the judgment, and cannot be inquired into here.

2.    Upon the other question, the finding is to the effect that defendant's refusal to allow the appeal and stay of execution was without excuse, which finding, in view of the action of the trial court in refusing to impose a fine as provided in the section referred to, must necessarily be understood as meaning that he thus acted without authority of law, but not in bad faith; and we must therefore assume that this conduct was either from ignorance of the law or timidity, and not from a desire to favor one party to the litigation, or to harass the other, or from a wilful or intentional disregard of duty.    So that, although the defendant's conduct apparently merits the severest condemnation, there is nothing in the record which would justify us in imposing a fine upon the defendant, even if it be conceded that under proper circumstances we would have a right to do so.

3.    But, having espoused the cause of one of the parties by vigorously contesting this case, and putting every possible legal obstacle in the way of an appeal from the judgment rendered by him, even to the extent of appeal from the judgment of the circuit court directing the performance of a plain duty enjoined by statute, he should be mulcted with the costs and expenses not only of this appeal, but of the court below.    The judgment will there-

fore be affirmed, but the costs will be taxed against the
defendants.                                           AFFIRMED.