GLICKMAN v. LOEW.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

OPENING DEFAULT—CONDITIONS.

In an action for malicious prosecution, damages were assessed, upon the defendant's default, for $10,000, the full amount demanded. A motion by defendant to open the default, and for leave to answer, was granted upon payment of costs and filing a bond for the payment of any damage that might be recovered. *Held*, on appeal by the defendant, that as the amount that would be recovered, if anything, was entirely uncertain, the requirement of the bond was not justified, and that the relief sought should be granted upon payment of costs, the judgment already entered to stand as security.

Appeal from special term, New York county.

Action by William Glickman against William L. Loew. From the terms on which the default of defendant was opened, and to be allowed to answer, he appeals. Modified.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

David McClure, for appellant.
Jacob Barnett, for respondent.

INGRAHAM, J. The action was brought to recover damages for false imprisonment, the amount claimed in the complaint being $10,-000. The defendant failed to answer, and the plaintiff took judgment, the damages having been assessed by the sheriff's jury at the full amount claimed. The judgment was entered on February 1, 1898, and this motion was made on February 24th, to open the default, and allow the defendant to answer. It appears that the defendant employed an attorney to whose default, it is alleged, there was a failure to answer. The court opened the default upon the payment of the costs, and upon the defendant's filing a bond with sufficient surety for the payment of any damage which might be re-

covered against him. We do not think that the court should have required the defendant to give a bond for the payment of any judgment that should be obtained. The action being to recover unliquidated damages for malicious prosecution, the amount claimed in the complaint had no relation to the amount that the plaintiff would be entitled to recover if he recovered at all; and nothing appeared in the motion papers to justify the court in compelling a defendant to give a bond in the amount of $10,000, as a condition for allowing a defendant to defend a claim of this character. We think the plaintiff will obtain all the security to which he is entitled by allowing the judgment heretofore entered to stand as security. The order appealed from will therefore be modified, so as to open the defendant's default, and allow the defendant to serve an answer upon payment of the costs provided for in the order appealed from, and upon condition that the judgment heretofore entered in this action stand as security for any judgment that the plaintiff may ultimately recover.

The order, as thus modified, is affirmed, without costs to either party of this appeal. All concur.