WILLIAM GLICKMAN, Respondent, *v.* WILLIAM L. LOEW, Appellant.

*Judgment by default in an action for false imprisonment — security which may not be properly required of the defendant seeking to open the default.*

In an action for false imprisonment, in which the complaint claims $10,000, for which amount judgment is entered by default through the neglect of the defendant's attorney, it is unreasonable for the court to impose, as a condition of opening the default, that the defendant shall give a bond in the amount of $10,000 to secure the payment of any judgment which may be recovered against him.

In such a case it is proper to require the defendant to pay the costs and to allow the judgment already entered to stand as security for any judgment which the plaintiff may ultimately recover.

APPEAL by the defendant, William L. Loew, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of March, 1898, opening a default by the defendant, and allowing him to answer in the action upon terms, and providing that unless the terms therein provided for were complied with, the motion to open the default should be denied, with costs.

*David McClure,* for the appellant.

*Jacob Barnett,* for the respondent.

INGRAHAM, J.:

The action was brought to recover damages for false imprisonment, the amount claimed in the complaint being $10,000. The defendant failed to answer and the plaintiff took judgment, the damages having been assessed by the sheriff's jury at the full amount claimed. The judgment was entered on February 1, 1898, and this motion was made on February twenty-fourth to open the default and allow the defendant to answer. It appears that the defendant employed an attorney owing to whose default it is alleged that there was a failure to answer. The court opened the default upon the payment of the costs and upon the defendant's filing a bond with sufficient surety for the payment of any damage which might be recovered against him. We do not think that the court should have required the defendant to give a bond for the payment of any judgment that should be obtained. The action being to recover

FIRST DEPARTMENT, MAY TERM, 1898.        [Vol. 29.

unliquidated damages for false imprisonment the amount claimed in the complaint had no relation to the amount that the plaintiff would be entitled to recover if he recovered at all; and nothing appeared in the motion papers to justify the court in compelling a defendant to give a bond in the amount of $10,000 as a condition for allowing a defendant to defend a claim of this character. We think the plaintiff will obtain all the security to which he is entitled by allowing the judgment heretofore entered to stand as security.

The order appealed from will, therefore, be modified so as to open the defendant's default and allow the defendant to serve an answer upon payment of the costs provided for in the order appealed from, and upon condition that the judgment heretofore entered in this action stand as security for any judgment that the plaintiff may ultimately recover.

The order as thus modified is affirmed, without costs to either party of this appeal.

PATTERSON, RUMSEY and O'BRIEN, JJ., concurred.

Order modified so as to open default and allow defendant to serve an answer upon payment of the costs provided for in the order appealed from, the judgment heretofore entered to stand as security; as so modified, order affirmed, without costs.