BRICKEL v. TRAIN.

(Supreme Court, Appellate Term. January 25, 1904.)

1. TRIAL—OPENING DEFAULT—CONDITIONS—BOND.
    In an action for injuries, an order permitting defendant to open his default was conditioned on his giving a bond to secure any judgment plaintiff might obtain against him. Counsel for plaintiff made affidavit that the defendant was not financially responsible. Held, that the order should be modified by allowing the judgment previously entered to stand as security for any judgment plaintiff might recover, and limiting the undertaking to security for costs and allowance in the customary sum of $250.

Appeal from City Court of New York, Special Term.

Action by David Brickel against Barnett Train. From an order opening the default of defendant on condition, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Adolph Cohen, for appellant.
Henry Kuntz, for respondent.

MacLEAN, J. Permission was accorded the defendant in this, an action for personal injuries, to open his default, suffered by his own negligence, upon condition that he give a good and sufficient undertaking to secure any judgment that the plaintiff may obtain against him. From this, as from undue hardship, relief is asked on this ap-

peal. In Glickman v. Loew, 29 App. Div. 479, 51 N. Y. Supp. 1078, an action for false imprisonment, wherein a default occurring through neglect of an attorney was allowed to be opened upon a similar condition, besides payment of costs, it was remarked upon appeal that, the action being for unliquidated damages, the amount claimed had no relation to the amount the plaintiff would be entitled to recover, if at all; and it was ruled that he would obtain all the security to which he was entitled by allowing the judgment already entered to stand as security for any judgment the plaintiff might ultimately recover. The order therein appealed from was modified accordingly. Herein, however, the attorney of the plaintiff deposes that, upon investigation made, he ascertained that the defendant is absolutely irresponsible, and that a judgment against him will be worthless, and that he has been told by the defendant's attorney that he is judgment proof, and cares very little whether a judgment is entered against him or not. Also the gentleman of the bar who appears in the plaintiff's brief as counsel deposes that he was told by the person who negotiated with him about opening the repeated defaults of the defendant that he is irresponsible, and that a judgment against him will be of no value.

Although it is the policy of the court to afford each defendant opportunity to prove any defense he may have and set up over his oath, it is not desirable to afford a situation wherein one party, if successful, may recover costs and allowances, while in the opposite event the other may not collect even his legal disbursements; and we are of opinion that the order should be modified by allowing the judgment heretofore entered to stand as security for any judgment the plaintiff may ultimately recover, and limiting the undertaking to security for costs and allowance in the customary sum of $250. All concur.