### KOSHER v. STUART.

(121 Pac. 901.)
(129 Pac. 491.)

**Appeal and Error—Judgments Appealable—Motion to Dismiss.**

1. Where the trial court adjudged appellants in default, and an appeal was taken to determine whether or not they were in default, and the court could not determine that there was no

answer and dismiss the appeal without reviewing the record and determining the merits, a motion to dismiss on the ground that there was no appealable order or judgment will be denied.

**Pleading—Service—Necessity.**

2. In an action on a promissory note, the court properly struck from its records an answer not served upon plaintiff's attorney before filing as required by a rule of the circuit court; such rule being reasonable and authorized by Section 913, subd. 5, L. O. L., authorizing the making of needful rules not inconsistent with law.

**Pleading—Filing—Terms.**

3. Where the answer tendered by defendants could easily have been prepared in an hour, and no reasonable excuse was shown for a delay of several weeks in its preparation and service, an order requiring defendants to give bond to pay any judgment plaintiff might recover, as a condition to being permitted to answer out of time, was "just" within Section 103, L. O. L., providing that the court may allow an answer out of time upon such terms as may be just.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is an action by Frank Kosher against F. Stuart, A. Winans and Mattie A. Winans. The plaintiff-respondent files motion to dismiss.          DENIED.

*Mr. Loyal H. McCarthy* for the Motion.
*Mr. Hayward H. Riddell, contra.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. This is a motion to dismiss the appeal for the reason that there is no order or judgment from which an appeal will lie under Section 549, L. O. L., which provides that any party to a judgment other than one given by confession or for want of an answer may appeal therefrom. The judgment appealed from is in form a judgment by default, but the defendants made some effort to appear and answer. The trial court adjudged them in default, and the appeal is for the purpose of reviewing the pro-

ceedings to determine whether or not they were in default. Therefore we cannot determine that there was no answer, and dismiss the appeal without reviewing the record and determining the merits of the appeal, and under such circumstances the motion must be denied. *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145); *Grover* v. *Hawthorne,* 62 Or. 65 (116 Pac. 100).        DENIED.

---

Argued January 21, decided January 28, 1913.

ON THE MERITS.

(129 Pac. 491.)

Statement by MR. CHIEF JUSTICE McBRIDE.

This was an action to recover upon a promissory note. The complaint was served upon the defendants, A. Winans and Mattie A. Winans, on May 23, 1911, in Multnomah County. On June 2nd the defendants obtained an extension of five days' time in which to plead. On June 15th, the time so granted having expired and no pleading having been filed, plaintiff's attorney moved for a default judgment, and defendants moved for further time in which to plead. The court, over plaintiff's objection, extended the time to June 19th. Within this time the answer was filed, but was not served upon plaintiff's attorney before filing, as required by a standing rule of the circuit court. The plaintiff moved to strike the answer from the files, which was allowed. Thereupon the court made an order permitting defendants to answer on condition that they file a bond conditioned to pay any judgment plaintiff might recover, and, upon their refusal to comply with this order, gave judgment for want of an answer, and defendants appeal.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Hayward H. Riddell.*

For respondent there was a brief and an oral argument by *Mr. Loyal H. McCarthy*.

Opinion by MR. CHIEF JUSTICE McBRIDE.

2. The circuit court has authority to make reasonable rules governing procedure. Section 913, subd. 5, L. O. L. The rule requiring service of a pleading before filing the same is not unreasonable, but a proper and salutary regulation; and the court was justified in striking from its records a pleading filed in defiance of its rules.

3. The defendants being in default, the court, under Section 103, L. O. L., was authorized to impose such terms as might be just as a condition precedent to defendants' being permitted to answer. Under the circumstances disclosed here, it was not unreasonable to require defendants to give a bond conditioned to pay any judgment that might be recovered by plaintiff. The answer tendered could easily have been prepared in an hour, and no reasonable excuse is shown for the delay of several weeks in its preparation and service.

The judgment is affirmed.                    AFFIRMED.