Argued January 16, decided January 28, 1913.

**EARECKSON v. CHANDLER.**

(129 Pac. 491.)

**Justices of the Peace—Appeal to Circuit Court—Time for Filing Transcript.**

Though Section 2460, L. O. L., provides that when appeal from a justice is taken the justice must allow it, he may, before making the order allowing it, wait the five days after the filing of the undertaking allowed respondent by Section 2457 in which to except to the sureties, so that the 30 days following the allowance of the appeal, within which Section 2463 requires appellant to file the transcript in the circuit court, commence to run only from the making of such order and not from the giving of notice of appeal or the filing of the undertaking.

From Multnomah:   HENRY E. MCGINN, Judge.

This is an action commenced in the justice's court by W. J. Eareckson against Laroy and Harry Chandler. From a judgment in favor of plaintiff on appeal from the justice's court, the defendants appeal.     AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. G. E. Hamaker.*

For respondent there was a brief and an oral argument by *Mr. W. S. Moore.*

MR. JUSTICE EAKIN delivered the opinion of the court.·

This is an action commenced in the justice's court to recover $185, balance due on the purchase price of a piece of land.   The only issue raised by this appeal is the alleged error of the circuit court in denying the defendants' motion to dismiss the appeal from the justice's court, for the reason that the transcript on appeal was not filed in the circuit court within the time provided by law.   The notice of appeal was filed with the justice on July 28, 1911.   The undertaking was filed July 29th.   On the 4th day of August, the justice made an order allowing the appeal.   The transcript was filed in the circuit court September 2d.   The defendants contend that the justice should have allowed the appeal immediately upon the filing of the undertaking on appeal, which was July 29th, and that the 30 days within which the transcript should be filed should have been counted from that date, relying on the case of *Hughes* v. *Clemens,* 28 Or. 440 (42 Pac. 617).   In that case, under the Justice's Code as then in force, the justice made an order allowing the appeal immediately upon the filing of the undertaking, and at once filed the transcript in the circuit court, before the respondent had an opportunity to except to the sufficiency of the sureties.   The transcript having been filed after the allowance of the appeal by the justice,

and being within the exact language of the code, it was held:

"The statute not having prescribed the time in which exceptions should be taken to the sufficiency of sureties on an appeal from a justice's court, but having provided that a new undertaking may be given in the circuit court, leads us to believe that a transcript from a justice's court may be filed with the clerk of the circuit court immediately after the appeal has been allowed by the justice."

The question did not arise in that case as to the time within which the transcript should be filed, or the date from which the time should be computed. By the statute then in force, the transcript was required to be filed on or before the first day of the next term of the circuit court following the appeal. Since that decision, the Justice's Code, as it then existed, has been repealed by Act of 1899, p. 109, by which an entirely new code was adopted; Section 45 of which (Section 2461, L. O. L.) provides:

"All sureties on an undertaking on appeal * * if required by the adverse party within five days after filing the undertaking, they must justify. * *"

Section 41 (Section 2457, L. O. L.) provides for the giving of the undertaking as thereafter provided. By Section 45, above mentioned, the sureties must have the qualifications of bail upon arrest. Section 44 (Section 2460, L. O. L.) provides that, when the appeal is taken, the justice must allow the same. Section 47 (Section 2463, L. O. L.) provides that, within 30 days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of such circuit court a transcript of the cause. The right of respondent to have an opportunity to except to the sufficiency of the sureties on the undertaking on appeal is statutory and is recognized in *Gobbi* v. *Refrano,* 33 Or. 26 (52 Pac. 761). In the present case the justice waited until the expiration of the time given to the respondent by statute to except to

the sureties, namely, August 4th, before making the order allowing the appeal, which at least was within his right, if not his duty. The transcript having been filed within 30 days after the allowance of the appeal by the justice, it was filed within the time contemplated by the statute.

The only other assignments of error are as to the findings of fact, which we cannot review, and as to the conclusion of law, which is justified by the findings of fact.

The judgment is affirmed.        AFFIRMED.