Submitted on briefs October 4, affirmed October 22, 1918.

# ST. HELENS LUMBER CO. v. EVANS.

(175 Pac. 612.)

**Exceptions, Bill of—Typewritten Sheets—Necessity of Signature of Judge.**

1. Typewritten sheets, signed by court reporter, purporting to state what occurred on presentation of plaintiff's motion to dismiss appeal from a Justice Court, lacking certificate of trial judge, and failing to meet requirements of bill of exceptions, were not sufficient as such.

**Justices of the Peace—Appeal—Docket—Entry of Allowance.**

2. Where the original papers are regular on their face, with the exception that the docket of the justice shows no entry of allowance of appeal, such fact does not defeat an appeal otherwise regular.

**Justices of the Peace—Appeal—Transcript—Certificate—"All."**

3. Under Section 2463, L. O. L., providing that transcript on appeal from Justice Court shall contain copy of all material entries in justice's docket, certificate stating transcript contained all entries is sufficient; "all" including restrictive term "material."

**Appeal and Error — Presumption Favoring Court Below — Denial of Motion to Dismiss Appeal from Justice.**

4. Where original papers are attached to transcript of record on appeal from Justice Court, and there is sufficient certificate of justice that transcript contains all docket entries and all original papers attached, the Supreme Court must presume that the action of the trial court in denying motion to dismiss the appeal from the justice was regular, in the absence of affirmative showing to the contrary.

**Appeal and Error—Making up Record—Attachment of Papers After Appeal.**

5. It is within discretion of trial court, after appeal has once been taken, to cause papers omitted from record to be attached thereto, and in absence of affirmative showing to contrary it will be presumed that court acted regularly and within his powers.

From Columbia: James A. Eakin, Judge.

In Banc.

February 14, 1916, plaintiff recovered a verdict in the Justice Court for District No. 6, Columbia County, against defendant. Defendant in due time appealed. The transcript filed from the Justice's Court contained the docket entries in the Justice Court, but it is

claimed the original pleadings and exhibits were not attached. In the Circuit Court plaintiff moved for a dismissal of the appeal on the ground that the transcript showed no docket entry allowing the appeal by the Justice Court, and, further, that no original papers were annexed to this transcript. The trial judge denied the motion and allowed the original papers to be annexed to the transcript, but the record does not show just how, when or where they were so attached. The trial in the Circuit Court resulted in a verdict and judgment for defendant and plaintiff appeals.

AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. M. E. Miller* and *Mr. W. A. Harris.*

For respondent there was a brief prepared and submitted by *Mr. Glen R. Metsker.*

OLSON, J.—1. No bill of exceptions was filed by plaintiff. Two typewritten sheets signed by the court reporter, purporting to state what occurred upon the presentation of plaintiff's motion to dismiss appeal, accompany the transcript. These sheets are not called a bill of exceptions. They lack the certificate of the trial judge and wholly fail to fulfil the requirements of a bill of exceptions.

2, 3. The only thing before us therefore is the original papers and these on their face are regular, with the exception that the docket of the Justice Court shows no entry of allowance of appeal. This, however, does not defeat an appeal otherwise regular: *Jacobs* v. *Oren,* 30 Or. 593 (48 Pac. 431). Moreover the docket does contain a reference to the appeal being taken and an order discharging attachment upon the giving of the appeal bond, which is probably equivalent to a

docket entry of allowance of appeal. The motion is further based upon the contention that the certificate was defective under Section 2463, L. O. L., which provides that the transcript shall contain a copy of all the material entries in the justice's docket. The certificate in this case states that the transcript contains all the entries and the use of this broader term certainly includes the restrictive term "material."

4, 5. As to the general point of the motion, such motion has no affidavit attached. We have no bill of exceptions in order to show what transpired in the lower court, other than what is shown by the record. We find the original papers attached to the transcript, a sufficient certificate of the justice that the transcript contains all the docket entries and all the original papers attached thereto, and so we must presume that the action of the trial court was regular in the absence of any affirmative showing on the part of appellant. It is well settled that it is within the discretion of the trial court after an appeal has once been taken, to cause papers omitted from the record to be attached thereto, and in the absence of any affirmative showing to the contrary it will be presumed that the court acted regularly and within the powers granted him.

Judgment affirmed.                    AFFIRMED.