Submitted on briefs July 5, modified October 25, 1921.

## RUSSELL *v*. PIPER.

(201 Pac. 436.)

**Judgment—Power to Open Default Within Court's Legal Discretion.**

1. The discretion lodged in the court by Section 103, Or. L., to relieve from judgments by mistake or excusable neglect, is a legal one, to be exercised in furtherance of justice and in accordance with the rules of modern jurisprudence.

---

1. Statutes authorizing vacation and setting aside of judgments when by default, see note in 58 Am. Dec. 392.

The question as to whether neglect of counsel is to be imputed to party, under statute providing for relief from judgment taken by mistake, inadvertence, surprise or excusable neglect, is discussed in notes in 96 Am. St. Rep. 108; 27 L. R. A. (N. S.) 858.

Judgment—Payment of Plaintiff's Costs as Condition to Opening Default Held Proper.

2. On motion to open a default judgment on the ground of a misunderstanding as to whether defendant's attorney had been retained to appear, it was proper to require defendant to pay plaintiff's costs to the date of the order as a condition to opening the default.

Judgment—Undertaking to Pay Plaintiff's Future Costs Proper as Condition to Opening Default.

3. Requirement of an undertaking to pay any costs and disbursements that might thereafter be adjudged in favor of plaintiff *held* proper as a condition to granting relief.

Judgment—Undertaking to Pay any Judgment Recovered Improper Condition to Opening Default.

4. Requiring defendant to give an undertaking, with sureties, conditioned to pay any judgment that plaintiff might recover, *held* not a proper condition to setting aside a default judgment because of mistake or excusable neglect.

From Crook; T. E. J. DUFFY, Judge.

In Banc.

On March 9, 1920, plaintiff brought an action against the defendant for the sum of $5,000. Personal service was regularly had upon the defendant on the same date, and after the expiration of more than ten days, the time for answering, a default judgment was regularly entered. On April 2, 1920, the defendant filed a motion to set aside the default and be allowed to defend the action upon the merits, and tendered an answer. Section 103, Or. L., provides in this regard that the court may in its discretion, and upon such terms as may be just, at any time within one year, after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. The motion was accom-

2. Payment of costs as condition precedent to new trial under order opening default and granting new trial on payment of costs, see note in **Ann. Cas. 1912B,** 249.

panied by affidavits on behalf of defendant tending to show that at the time of the service of the summons of the complaint upon defendant he had a conversation with an attorney at Walla Walla, Washington, in regard to the time for appearance in the case and probable time of trial, and fully expected the attorney to appear for the defendant in the action and thought he made it plain to the attorney. The attorney did not understand from the conversation that the defendant had retained him or expected him to appear in the action, and did not appear. In a conversation between the defendant and attorney on March 23d, one day after the default was entered, the mistake and misunderstanding were discovered, and soon thereafter the motion, affidavit and answer were prepared and forwarded to Crook County.

Briefly stated the complaint shows that on April 18, 1918, plaintiff, G. H. Russell, executed a negotiable note in favor of defendant, A. A. Piper, in the sum of $5,000, with interest, receiving no consideration therefor. The note was given as a memorandum for a sum of money that would be due defendant in the event one Stewart paid plaintiff $46,900 on a contract on or before November 1, 1916. It was agreed the note never should be paid until Stewart made such payment. Piper in violation of his agreement wrongfully negotiated the note for value before maturity, and plaintiff was compelled to pay the note.

The answer tendered denies that the note was made payable to the order of defendant, A. A. Piper; denies each allegation of the complaint as to the want of consideration for the note; denies the conditions upon which it is alleged to have been given; admits that Stewart never completed the contract referred to in the complaint; denies that Piper negotiated the

note; but admits that the note was negotiated before maturity, and avers the same was before Stewart abandoned his contract and with the consent of plaintiff.

Upon the hearing of the motion on July 3, 1920, the court found that the default and judgment were entered through defendant's mistake, inadvertence, and excusable neglect; that the motion should be granted and the defendant permitted to be heard upon the merits on the conditions that the defendant should be required to pay the costs and disbursements then incurred by plaintiff, and by July 20, 1920, furnish an undertaking with good and sufficient sureties conditioned to pay any judgment that plaintiff might recover in the cause. Defendant appeals from this order.                    MODIFIED.

For appellant there was a brief over the names of *Mr. N. G. Wallace* and *Messrs. Sharpstein, Smith & Sharpstein.*

For respondent there was a brief over the name of *Mr. Jay H. Upton.*

BEAN, J.—Defendant assigns that the court erred in imposing as a condition precedent in setting aside the default and allowing a defense upon the merits, the filing of the undertaking after finding from the motion and affidavits that the default and judgment was entered against him through mistake and excusable neglect; that the order was an abuse of discretion.

We glean from the briefs that the defendant, Piper, is a resident of Walla Walla, Washington, engaged with another in the real estate business. At the time

of the service of the summons and complaint upon him he was at the county seat of Crook County, Oregon, in attendance as a witness upon the trial of a cause involving a similar note, executed at the same time for the same amount which had also been negotiated. Counsel for plaintiff mentions in his brief that the judge who made the order appealed from heard the testimony in that case, *Vincent* v. *Russell,* which is now pending upon appeal in this court.

1. The discretion lodged in the court by the statute above noted·is a legal one, to be exercised in furtherance of justice and in accordance with the rules of modern jurisprudence. In employing the power conferred by the statute, by granting or withholding permission to defend upon the merits after a default judgment against a party, when it is shown that such default was occasioned through the mistake, inadvertence, surprise, or excusable neglect of such person, and an answer on the merits is tendered, it is not contemplated by the law that the court will pass upon the merits of the case, or decide the issues. That matter is left to be determined at the trial of the cause, if such hearing is permitted. The trial court adjudged that the default order and judgment were entered by reason of the mistake and excusable neglect of defendant, and that an answer was timely tendered by defendant. There is no appeal by plaintiff from such findings. Counsel for plaintiff suggests that only a part of the averments of the complaint are denied in the answer tendered. Unless the defendant's answer goes to the merits, the default should not have been opened. The answer denies the gist of the allegations of the complaint, although it does not disclose the amount of the consideration for the note.

2. The courts of this state are open to the residents of other states and countries to maintain and defend actions substantially upon the same conditions as though such litigants were residents of this state. A slight difference as to security for costs, in cases of a plaintiff who is a nonresident, or a foreign corporation, is provided for in Sections 579 and 580, Or. L.

Under all the circumstances of the case, as shown by the record, we approve that part of the record requiring defendant to pay the plaintiff's costs of the action to the date of the order.

3. The judgment was regularly rendered and entered of record. Defendant is now the moving party in attacking the judgment, and we think it appropriate that as a further condition to opening the judgment he should be required to furnish an undertaking with sufficient sureties to pay any costs and disbursements that may hereafter be adjudged in favor of plaintiff in the action. It would also have been proper to have allowed the judgment to stand as security for plaintiff in order that he might not be placed in any less favorable position as to the satisfaction of any judgment that he may obtain against defendant.

4. The defendant properly made an application to be heard upon the merits of the case. No counter showing was made by plaintiff. We do not think that the law justifies the requirement that defendant furnish an undertaking with sureties conditioned to pay any judgment that plaintiff may recover upon the trial of the cause. For precedents in cases arising under various circumstances see 23 Cyc. 972; *Kosher v. Stuart,* 64 Or. 123 (121 Pac. 901, 129 Pac. 491); *Brown v. Brown,* 37 Minn. 128, (33 N. W. 546); *Glickman v. Loew,* 29 App. Div. 479, (51 N. Y. Supp. 1078);

*Brickel* v. *Train*, 86 N. Y. Supp. 292; *Union Bank* v. *Benjamin*, 61 Wis. 512 (21 N. W. 523); note to *Farmers' Loan etc.* v. *Hale*, 41 L. R. A. 222.

The cause will be remanded, with direction to the Circuit Court to modify the order in accordance with this opinion.                                MODIFIED.