Argued March 16; affirmed April 26, 1932

LATOURETTE ET AL. *v.* KRUSE, COUNTY JUDGE, ET AL.

(10 P. (2d) 592)

*John W. Loder,* of Oregon City, and L. E. Latourette, of Portland, for appellant.

*Fred A. Miller,* District Attorney, of Oregon City, for respondents.

KELLY, J. It is urged by appealing plaintiff that the proceedings in the county court instituted for the purpose of altering said road were void abinitio for want of jurisdiction, because certified copies of the resolution initiating the proceedings were not posted and notices of the proceedings were not mailed to the record owners as required by the statute. (Session Laws, 1927, Chapter 155.)

It is also urged by said plaintiff that even if the proceedings were valid, they are in abeyance, because of an appeal taken from the order of the county court declaring the road established, and *no order* was made allowing said appeal or setting aside money for the payment of damages that may be allowed on the appeal. Sections 44-1318 and 44-1319, Oregon Code 1930.

Error is predicated upon the holding of the trial court that the attempted appeal by D. C. Latourette from the county court to the circuit court had been abandoned.

The statute provides that an appeal in cases of this character shall be taken to the circuit court in the manner provided by law for the appeals from the justice of the peace to the circuit court. Section 44-1320, Oregon Code 1930.

Section 16-406, Oregon Code 1930, provides that "When an appeal is taken, the justice must allow the same, and make an entry thereof in his docket, stating whether the proceedings are thereby stayed or not."

Section 16-409, Oregon Code 1930, provides:
"Within thirty days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of such circuit court a transcript of the cause. * * * Upon the filing of the transcript with the clerk of the circuit court, the appeal is perfected," etc.

■■ As to the question, whether the posted notice containing the resolution of the county court proposing to make the contemplated changes in the highway in suit was duly authenticated by the signature of the county clerk, we are constrained to hold that such authentication has been established by a preponderance of the testimony. The presumption attends that official duty has been regularly performed. No question is presented with reference to more than one of such notices. As to that notice, two of the plaintiffs testify that when posted it did not bear the signature of the county clerk. The notice, itself, now has no legible signature. The clerk, himself, testified that he did sign it. The county surveyor testified that he posted said notice, and, at the time of posting, it bore the signature of the clerk. This witness also testified that it was then raining. Defendants argue that the ink used was not waterproof and the signature was impaired by the rain. It was stipulated that Mr. Levy Stipp, who, at the time of the posting, was district attorney, if present, would testify that on the day of the posting he examined the notice and it was signed by the clerk. The county judge and one of the county commissioners testified that when the notice was presented in the county court, a pen trace of part of the signature of the clerk was still visible by the aid of a magnifying glass. This last statement was contradicted by one of the plaintiffs. As stated, the weight of the testimony supports defendant's contention that the notice was duly authenticated.

■ As to the plaintiffs, who testified that they failed to receive the notices which were mailed, the decree of the circuit court was in accordance with their prayer for relief. The record discloses a compliance with the

statutory requirements in regard to mailing notices to the record owners of property through which said highway passes as shown by the records of the tax collector. Some objection was urged because the records of the probate court had not been consulted for the purposes of ascertaining the names of the heirs of deceased owners. The statute requires only a search of the tax collector's records. Session Laws 1927, p. 168, chapter 155.

The remaining question, as to whether the appeal of the plaintiff, Latourette, to the circuit court from the order of the county court, dismissing his remonstrance, granting him damages and ordering the proposed alterations to be made in said highway, was abandoned. The order last mentioned was made on the 8th day of June, 1928. It was filed in the office of the county clerk on the 11th day of June, 1928. Said plaintiff's notice of appeal from said order is dated June 27, 1928. Acceptance of service thereof by the district attorney is dated June 27, 1928, and on said last named date said notice of appeal was filed with the county clerk. On that same date, an appeal bond was filed by said plaintiff. A writ of review was prosecuted by said plaintiff from said order of the county court, which writ was dismissed by the circuit court, and, upon appeal to this court by said plaintiff, the order of the circuit court, dismissing said writ of review, was affirmed, but no further steps have been taken by said plaintiff in the matter of the appeal from the order of the court aforesaid.

This case was heard in the circuit court on the 30th day of September, 1930. More than two years and three months had elapsed since the service of plaintiff's notice of appeal to the circuit court from said

order of the county court and the filing of plaintiff's undertaking on appeal until the hearing of this cause in the circuit court.

At most, the effect of the failure of the county court to make an order allowing the appeal would be to enlarge the time for perfecting such appeal to such an extent as to afford a reasonable opportunity to secure such an order.

■ The failure, for the time mentioned, of plaintiff, either to secure such order of allowance, or to perfect his appeal without it, constitutes an abandonment of said appeal.

For the reasons herein stated, the decree of the circuit court is affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.