Argued September 14, affirmed September 28, 1960

# FRANCE *v.* WEINSTEIN ET AL

355 P. 2d 621

*Ralph E. Hillier,* Eugene, argued the cause for appellants. On the brief were Husband & Johnson, Eugene.

*Marvin E. Hansen,* Eugene, argued the cause for respondent. On the brief were Johnson, Johnson & Harrang, Eugene.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

Defendants appeal from an order of the circuit court dismissing their appeal from the district court of Lane county.

Defendants, after a trial and an adverse judgment, filed their notice of appeal and undertaking on July 18, 1958. The district court, apparently from inadvertence, did not make an entry allowing the appeal until January 13, 1959. Defendants filed their transcript in the circuit court on January 16, 1959. The circuit court, on motion of plaintiff, dismissed the appeal.

The question presented to this court is whether the failure of the distict court to make an entry in its

docket allowing the appeal upon the filing of the notice of appeal and undertaking extends the time for the filing of the transcript in the circuit court.

■ Appeals from district court are taken at the time and in the manner provided for taking appeals from justice court. ORS 46.250. ORS ch 53 provides the procedure for appeals from justice court. The pertinent sections follow:

"An appeal is taken either by giving oral notice thereof in open court at the time of the rendition of the judgment appealed from, which shall be the only notice required, or at any time within 30 days thereafter by serving a written notice thereof on the adverse party, or his attorney, and filing the original with the proof of service indorsed thereon with the justice, and by giving the undertaking for the costs and disbursements on the appeal, as provided in ORS 53.040. * * *." ORS 53.030.

"If the judgment appealed from is in favor of the appellant, the proceedings thereon are stayed by the notice of appeal and the undertaking for the costs of the appeal." ORS 53.050.

"When an appeal is taken, the justice must allow the same and make an entry thereof in his docket, stating whether the proceedings are thereby stayed or not. * * *." ORS 53.060.

"All sureties on an undertaking on appeal must have the qualifications of bail upon arrest; and, if required by the adverse party within five days after filing the undertaking, they must justify before the justice in like manner." ORS 53.070.

"Within 30 days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause. * * *." ORS 53.090.

It is noted from the above statutes that when an appeal is taken, by the giving of notice and the filing

of undertaking, the justice must allow it. However, ORS 53.070 allows five days after the filing of the undertaking to except to the sureties. This court held in *Eareckson v. Chandler*, 64 Or 126, 129 P 491, that the right to except to the sufficiency of the sureties was statutory and that the justice of the peace was "within his right, if not his duty" in waiting the five days for excepting to the sufficiency of the sureties before entering the allowance of the appeal.

■ The language used in ORS 53.060, that the justice must allow the appeal when taken, is mandatory. He has no discretion to refuse to allow the appeal, and mandamus will lie to compel him to do so. *Burgtorf v. Bentley*, 27 Or 268, 41 P 163.

In *St. Helens Lumber Co. v. Evans*, 90 Or 71, 175 P 612, this court held that the failure of the docket of the justice court to show an entry of allowance of appeal does not defeat an appeal which is otherwise regular. The court also held that a reference in the docket to an appeal being taken and an order discharging attachment upon the giving of an appeal bond was probably equivalent to a docket entry of allowance of appeal.

In *Latourette v. Kruse*, 139 Or 422, 10 P2d 592, no allowance of appeal was entered and 27 months elapsed before a hearing was had in circuit court. This court stated:

"At most, the effect of the failure of the county court to make an order allowing the appeal would be to enlarge the time for perfecting such appeal to such an extent as to afford a reasonable opportunity to secure such an order.

"The failure, for the time mentioned, of plaintiff, either to secure such order of allowance, *or to perfect his appeal without it,* constitutes an

abandonment of said appeal." (Emphasis supplied.)

■ The allowance of the appeal does not require the formality of an order but only a single entry in the docket stating that the appeal is allowed and whether or not the proceedings are stayed. To postpone indefinitely the filing of a transcript and the perfecting of the appeal pending the entry of this notation would be to postpone indefinitely the respondent's right to collect upon his judgment. It should be mentioned here that both parties concede that the failure to make the entry was a mere inadvertence or oversight upon the part of the defendants and the district court. In an appeal such as this, and especially from the justice court, the appellants should have the burden of ascertaining that the proper entries have been accomplished.

■ ORS 53.090 requires the transcript be filed within 30 days from the allowance of the appeal. The appeal must be allowed when it is taken (ORS 53.060), except that the justice may wait the five days for any exception to the sufficiency of the sureties. *Eareckson v. Chandler,* supra. The appeal is taken, according to ORS 53.030, when the notice of appeal has been given and the undertaking filed. For the purpose of establishing when the transcript should be filed, the allowance of the appeal and the taking of the appeal are synonymous. Both are determined by the time of the giving of notice of appeal and the filing of the undertaking.

■ Generally appeals from justice court in criminal actions are taken in the same manner and within the same time as appeals in civil actions. ORS 157.030. To require, as we now hold, that the transcript be filed within 30 days from the time the appeal is taken, is

to conform appeals from justice courts in civil actions with appeals in criminal actions insofar as the filing of the transcript is concerned. ORS 157.040 provides that when the defendant is in custody the transcript be filed within 10 days from the date the appeal is *taken*.

The order of the circuit court is affirmed.