Submitted March 14, affirmed April 19, 1977

GREEN, *Appellant,*

*v.*

LILLY ENTERPRISES, INC., *Respondent.*

(No. 75-115L, SC 24625)

562 P2d 1204

Glenn D. Ramirez, Klamath Falls, for appellant.

Dale Pierson of Goodenough & Pierson, Salem, for respondent.

BRYSON, J.

**BRYSON, J.**

Plaintiff appeals from an order of the circuit court which granted judgment of involuntary nonsuit and dismissal of the case. Plaintiff recovered judgment against defendant in the district court of Klamath County. Defendant appealed to the circuit court. Plaintiff contended that defendant "failed to file the transcript of proceedings in the Circuit Court within 30 days from the date of the filing of his Notice of Appeal" and moved the circuit court for an order dismissing the appeal. The circuit court denied the motion to dismiss. Plaintiff declined to proceed further (try the case) and "requested that a final order be entered." The circuit court entered an order of involuntary nonsuit and dismissed the case.

This is the second time this case has been before us. In *Green v. Lilly Enterprises, Inc.,* 273 Or 952, 953, 544 P2d 169 (1975), we found the circuit court's order denying plaintiff's motion to dismiss the appeal from the district court to have been an intermediate order and not reviewable under ORS 19.010 and dismissed the appeal. We summarized the facts leading up to that appeal as follows:

> "On March 12, 1975, plaintiff obtained judgment against defendant in the district court for Klamath County. On March 14, 1975, defendant filed its notice of appeal to the circuit court and its undertaking. On March 18, 1975, plaintiff filed a request for justification of sureties. On April 10, 1975, the district court disallowed defendant's undertaking and granted defendant five days 'to post a sufficient bond.' On April 15, 1975, the defendant complied with this order and filed a sufficient undertaking. On April 22, 1975, the district court issued its order allowing defendant's appeal to the circuit court. The transcript, including the new undertaking, was filed in the circuit court on May 2, 1975."

Plaintiff appeals and poses the following question: "On appeal from the District Court to the Circuit Court, does delay of the District Court in entering an Order allowing the Appeal extend the time for filing

the transcript of the case in the Circuit Court?" In other words, when does the time for filing of the transcript in the circuit court start to run?

At the time appeal was made to the circuit court, ORS 46.250[1] provided as follows:

"Either party to an action or proceeding in a district court shall have the right of appeal in all cases where an appeal may be taken from a justice's court and from a decree or other final order of the district court, which appeal shall be taken at the time and in the manner provided for taking an appeal from the justice court."

ORS chapter 53 provides the procedure for appeals from the justice court. The pertinent sections follow:

"53.030 Manner of taking appeal; notice; undertaking for costs and disbursements. An appeal is taken by serving, within 30 days after rendition of judgment, a written notice thereof on the adverse party, or his attorney, and filing the original with the proof of service indorsed thereon with the justice, *and by giving the undertaking for the costs and disbursements on the appeal,* as provided in ORS 53.040. * * *" (Emphasis added.)

"53.040 Requisites of undertaking for costs and disbursements and stay of proceedings. The undertaking of the appellant must be given with one or more sureties, to the effect that the appellant will pay all costs and disbursements that may be awarded against him on the appeal. The undertaking does not stay the proceedings unless the undertaking further provides that the appellant will satisfy any judgment that may be given against him in the appellate court [circuit court] on the appeal. The undertaking must be filed with the justice within five days after the notice of appeal is given or filed."

"53.060 Allowance of appeal; recall of execution when stay granted. When an appeal is taken, the justice must allow the same and make an entry thereof in his docket, stating whether the proceedings are thereby stayed or not. * * *"

---

[1]This section was substantially rewritten by Oregon Laws 1975, ch 611, but provided that appeals to the circuit court perfected before January 1, 1977, shall be tried by the circuit court in accordance with the law existing on the date the appeal was perfected.

"53.070 Qualification and justification of sureties. All sureties on an undertaking on appeal must have the qualifications of bail upon arrest; and, if required by the adverse party within five days after filing the undertaking, *they must justify before the justice* in like manner." (Emphasis added.)

"53.090 Certified transcript to be filed; proceedings, on appeal, in the circuit court. Within 30 days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause. * * * Upon the filing of the transcript with the clerk of the circuit court, the appeal is perfected. * * * If the transcript and papers are not filed with the clerk of the circuit court within the time provided, the circuit court, or the judge thereof, may by order extend the time for filing the same upon such terms as the court or judge may deem just. But such order shall be made within the time allowed to file the transcript."

In *Eareckson v. Chandler,* 64 Or 126, 129 P 491 (1913), this court noted that the right to except to the sufficiency of the sureties was statutory and held that the justice of the peace "was within his right, if not his duty," in waiting the five days for excepting to the sufficiency of the sureties before entering an order allowing the appeal. We concluded, at page 129, that the appellant's (defendant's) filing of the transcript was timely where it was within 30 days of the end of the period during which respondent could raise objections to the sureties.

In *France v. Weinstein et al,* 224 Or 100, 355 P2d 621 (1960), we repeated our holding in *Eareckson.* In addition, we noted, at page 104, that:
"* * * The appeal is taken, according to ORS 53.030, when the notice of appeal has been given and the undertaking filed. For the purpose of establishing when the transcript should be filed, the allowance of the appeal and the taking of the appeal are synonymous. Both are determined by the time of the giving of notice of appeal and the filing of the undertaking."

We interpret the word "undertaking" to mean valid

undertaking. Whether or not an undertaking is valid depends upon whether appellant's sureties can withstand challenge by the respondent. Thus, in *Eareckson* we found the 30 days not to begin until after the period for such challenge had elapsed. When the respondent contests the validity of appellant's undertaking, it follows that the period for filing the transcript would not begin to run until that conflict had been resolved.

■ The statutory scheme contemplates that the qualification and justification of sureties will be resolved at the district court level. If the appellant is unable to provide adequate sureties, if his undertaking is not a valid one, the controversy need never reach the circuit court. Nothing is to be achieved by requiring the preparation and delivery of a certified transcript prior to the resolution of an objection to the sufficiency of appellant's undertaking.

■■ We find defendant's transcript to have been timely filed with the circuit court and jurisdiction was perfected in the circuit court. Plaintiff elected not to proceed before the circuit court, and the order granting the nonsuit was properly allowed.

Affirmed.