Argued July 11, affirmed August 23, 1967

STATE ᴇx ʀᴇʟ HEMPHILL, *Respondent, v.*
RAFFERTY, *Appellant.*
430 P. 2d 1017

*Louis S. Bonney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Donald F. Myrick,* Grants Pass, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## SLOAN, J.

Defendant appeals from a judgment ordering that a writ of mandamus issue to compel him to deliver to another justice of the peace bail money he collected from plaintiff Hemphill. The case was decided on a demurrer to the alternative writ.

The writ alleged that on August 12, 1964, Hemphill was arrested for driving a vehicle while under the influence of liquor. He had been issued a uniform traffic citation and complaint as required by ORS 484.150. Hemphill appeared the next day in the justice court of defendant. He plead not guilty and asked for time to see an attorney. Bail was set at $300. Hemphill posted cash bail and departed. No specified time for a later appearance was set. Later the same

day, defendant purported to forfeit the bail. On August 14, Hemphill appeared before defendant by counsel. The latter filed an affidavit of prejudice against defendant as permitted by ORS 52.530 and otherwise complied with that statute. Compliance with the statute compelled defendant to transfer the case to the nearest justice court in the county. Defendant refused to comply. This mandamus proceeding followed.

After the alternative writ was issued and served, defendant did deliver to the nearest justice of peace, as required by ORS 52.530, all of the documents in the case except the bail money. He refused to deliver the bail claiming that he was justified because the bail money had been forfeited and could not be transferred and for the further reason that the bail money was not a part of the transcript or papers in the case. The statute, ORS 52.530(3), required him to deliver "* * * a transcript of the proceedings had in the case with all of the original papers filed thereon. * * *."

The trial court found no merit in either argument and neither do we.

■ The purported forfeiture of the bail before a trial date had been set or of any failure of defendant to appear was void. This would be true whether the general provisions relating to bail of ORS 140.160 et seq. applied or if ORS 484.130, governing traffic offenses is applicable. There was no justification for forfeiture of the bail.

■■ It is facetious to argue that the transcript and original papers in the case did not include the bail. This would be an essential part of the record and the language of the statute clearly implies that it is the entire record that must be transmitted. It does not permit the justice of the peace to pick and choose what part of the record he wishes to send.

The amendment to ORS 52.530 by Oregon Laws 1959, ch 159, p 197, removed the permissive "may" from that statute and required that the justice of the peace "shall" transfer the case to another justice court in the circumstances prevailing here. The language of ORS 52.530 is now synonymous with ORS 53.060 relating to appeals from the justice court and is mandatory. *France v. Weinstein et al,* 1960, 224 Or 100, 355 P2d 621. When defendant refused to act, as he did, mandamus was the appropriate remedy.

Affirmed.