Argued January 21, affirmed February 25, 1972

STATE OF OREGON, *Respondent, v.*
THOMAS CESARO (No. 71-1091-C, No. 71-1092-C,
No. 71-1093-C), *Appellant.*

494 P2d 255

*Donald Hansen,* Medford, argued the cause and filed the briefs for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

In these consolidated appeals from three convictions for driving while under suspension, ORS 482.650, defendant contends the procedures by which his driving privileges were suspended unconstitutionally deprived him of due process in that he did not receive notice from the Motor Vehicles Division (hereinafter called Division) of a hearing before the Division prior to the suspension of his driving privileges.

Defendant's troubles began when he received a traffic citation for speeding on January 11, 1970. This citation included a summons, ORS 484.150 (2)(d), requiring defendant to appear in the Medford Municipal Court on January 26, 1970. The instructions on the back of the citation, quoted infra, enumerated alternative methods to dispose of the matter. When defendant failed to appear on that date, the municipal court sent a notice to defendant directing him to appear February 2, 1970. Defendant claims he never received this notice, although he admits it was sent to the Reno, Nevada, address he gave the officer who issued the January 11, 1970, speeding citation. Defendant also failed to appear February 2, 1970.

The municipal court then notified the Division of defendant's failure to appear in that court pursuant to ORS 484.210 (2), which provides:

"If the defendant fails to appear for the hearing at the time and place fixed by the court and no bail

has been deposited, the court may notify the Motor Vehicles Division of the defendant's failure to appear. In the notification the court shall certify that notice was given the defendant as prescribed by subsection (1) of this section and that the defendant failed to appear for the hearing. Upon receipt of such notification, together with a fee of $5, the division shall suspend the defendant's license for an indefinite period. If the defendant thereafter makes his appearance before the court, the court shall notify the division of the fact and the division shall thereupon terminate the suspension ordered pursuant to this subsection. Notifications by the court to the division shall be in a form prescribed by the division. A suspension ordered under this section shall not be used by the division in any subsequent consideration of the defendant's driving record under ORS 482.450."

On February 26, 1970, the Division entered an order suspending defendant's driving privileges in Oregon because of defendant's "fail[ure] to appear in Court—Hearing [on] * * * Complaint No. 42955 Municipal Court, Medford," i.e., the January 11, 1970, speeding citation. A copy of this order was mailed to defendant at a Medford address, and no issue is presented on appeal as to whether defendant knew of the suspension order *after* it was entered.[1]

---

[1] At a consolidated trial on these charges, defendant testified on direct examination that he did not receive notification from the Division that his driving privileges had been suspended. However, during cross-examination when defense counsel made an objection and the district attorney argued he was pursuing the issue of whether defendant knew that his driving privileges had been suspended, defense counsel then stated:

"* * * We'll stipulate, Your Honor, as to notice of the order that was entered having been entered. On all three of these cases.

"* * * * *

"* * * I don't mean notice. Knowledge."

Thereafter, defendant was issued citations for driving while under suspension on June 23, June 24, and July 14, all in 1971. This appeal follows district court convictions, and after a trial de novo, circuit court convictions on all three charges.

Defendant argues ORS 482.650 is unconstitutional "insofar as it is a part of the statutory scheme providing for suspension of defendant's driver's license without the Motor Vehicles Division first according defendant the procedural due process of notice and opportunity to be heard." Defendant thus reasons that the suspension order was invalid, and therefore he cannot be convicted for driving while under suspension.

We find this argument to be unpersuasive. Defendant was given notice and an opportunity to be heard by way of the January 11, 1970, speeding citation directing that defendant appear in the Medford Municipal Court on January 26, 1970. Explicit instructions and warnings are printed on the back of all citations as required by ORS 484.150 (7)(a), which provides:

"* * * * *

READ CAREFULLY

You must appear in court at the time mentioned in this citation if you are charged with any of the following offenses:

1. Reckless driving.

2. Driving while under the influence of intoxicating liquor, barbiturates or narcotic drug.

3. Leaving the scene of an accident.

4. Operating a motor vehicle while your driver's license was suspended or revoked.

5. Attempting to flee or elude a traffic or police officer.

If you are charged with any **OTHER** offense, you **MUST** do **ONE** of the following:

1. Appear in court at the time mentioned in this summons and request a hearing. The court will then set a time for a hearing.

2. Mail to the court this summons, together with a check or money order in the amount of the bail indicated on the other side of this summons and tell the court you request a hearing. **This summons and the bail must reach the court before the time when this summons requires you to appear in court.** If you don't want a hearing, but wish to explain your side, send your explanation with the summons and bail. The court will then consider your explanation and may forfeit your bail, or part of it, on the basis of your explanation and what the officer tells the court.

3. Sign the plea of guilty below and send this summons to the court, together with check or money order in the amount of bail indicated on the other side of this summons. **This summons and the bail must reach the court before the time when this summons requires you to appear in court.**

NOTE: If you have already given bail or other security for your appearance, proceed as mentioned above but do not send in any additional sum as bail.

IF YOU FAIL TO COMPLY WITH THESE INSTRUCTIONS, THE COURT IS AUTHORIZED TO ISSUE A WARRANT FOR YOUR ARREST OR BY NOTICE TO THE MOTOR VEHICLES DIVISION TO CAUSE YOUR OPERATOR'S LICENSE TO BE SUSPENDED, OR BOTH.

THE COURT MAY IN ANY CASE, AFTER NOTICE, REQUIRE YOU TO APPEAR FOR A HEARING."

Defendant concedes that following his failure to appear in municipal court the court would have been entitled to take various steps to protect its integrity without the need for further notice and hearings. For example, the court could have issued a warrant for defendant's arrest. ORS 484.230; ORS 133.110. And if, as was not the case here, defendant had previously posted bail, it could have been ordered forfeited. ORS 484.130; ORS 140.610-140.670; *cf. State ex rel Hemphill v. Rafferty,* 247 Or 475, 430 P2d 1017 (1967).

The same is true in a civil action when, after notice and opportunity to be heard by way of the service of a summons, the defendant fails to answer; then default judgment can be entered without further notice. ORS 18.080.

Here, instead of summarily issuing a warrant for defendant's arrest, the municipal court followed the alternative procedure which the legislature has provided of causing defendant's driving privileges to be suspended pursuant to ORS 484.210 (2) until such time as defendant would comply with the court's orders to appear or otherwise dispose of the speeding citation in accordance with the instructions on the back, quoted above. The issuance of an arrest warrant or the suspension of driving privileges are devices to attempt to force the defendant to appear for a hearing about which he has admittedly received notice. Since defendant concedes an arrest warrant could have been issued without additional notice and opportunity for hearing, we see no reason why the same should not be true of the suspension of driving privileges. For this reason, *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), upon which defendant places major reliance, is distinguishable.

" 'Due process' is an elusive concept. Its exact

boundaries are undefinable, and its content varies according to specific factual contexts * * *." *Hannah v. Larche,* 363 US 420, 442, 80 S Ct 1502, 4 L Ed 2d 1307, 1321 (1960).

Defendant has not cited any authorities, nor have we found any which extend this elusive concept to the point that defendant urges, that is, to require notice and an opportunity to be heard following notice and a failure to appear to be heard.

Affirmed.