*Supp. 14 Opinion
JONES, J.
Defendant appeals his conviction of count I, violating Vehicle Code section 14601.1, subdivision (a)[1] (driving with a suspended license), and of count II, violating Vehicle Code section 4000, subdivision (a) (lacking current automobile registration). The evidence admitted at trial showed that defendant’s driver’s license had been summarily suspended by the Department of Motor Vehicles for his failure to appear in court on several traffic citations. The principal question involved in this proceeding is whether the suspension of defendant’s driver’s license without a hearing amounted to a denial of due process of law.
Defendant cites Rios v. Cozens (1972) 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979] as support for his assertion that his license was improperly suspended without due process. Rios stands for the principle that the retention of a driver’s license and the use of a car is a sufficiently important benefit to justify a hearing requirement prior to license suspension when there is question as to the likelihood of a judgment being recovered against an uninsured motorist in an accident. Such a question arises under the provisions of the financial responsibility law. (See Veh. Code, §§ 16000-16503.) The case before us, however, is distinguishable from Rios, as it concerns whether the defendant was given adequate notice and opportunity to be heard when his license was suspended pursuant to Vehicle Code section 13365.[2] The order of suspension sent to defendant by the Department of Motor Vehicles states *Supp. 15 that the suspension was initiated “because the records of this department show that on two or more occasions you have violated your written promise to appear in court.” Defendant has conceded that “it is clear that the action of the Department was based on the failure to appear and clear traffic citations. ...”
It would be a legal absurdity to require the Department of Motor Vehicles to grant a hearing on the question of whether a person did in fact violate his written promise to appear on a traffic citation, when the court where appearance was required has already made such a finding. (See Veh. Code, § 40509, subd. (a).)[3] If the defaulting citee has a valid excuse for his nonappearance, the place to submit his explanation is in the court, not before the department.
The traffic citations issued to defendant are absent from the record on appeal. However, at the People’s request, we take judicial notice that the uniform traffic citation approved by the Judicial Council states that if the holder violates his written promise to appear, the Department of Motor Vehicles may revoke or suspend the driving privilege.[4] We also infer that the traffic citations issued to defendant followed the standard Judicial Council form.
*Supp. 16 A similar situation was presented to the Oregon Court of Appeals in State v. Cesaro (1972) 8 Ore.App. 443 [494 P.2d 255], where the appellant Cesaro likewise argued his right to a hearing before license suspension. We think the following comments by the court are equally appropriate to the case at bench:
“The issuance of an arrest warrant or the suspension of driving privileges are devices to attempt to force the defendant to appear for a hearing about which he has admittedly received notice. Since ... an ar-. rest warrant could have been issued without additional notice and opportunity for hearing, we see no reason why the same should not be true of the suspension of driving privileges. [Citations.]
‘““Due process” is an elusive concept. Its exact boundaries are undefinable, and its content varies according to specific factual contexts ... ’ [Citations].
“Defendant has not cited any authorities, nor have we found any which extend this elusive concept to the point that defendant urges, that is, to require notice and an opportunity to be heard following notice and a failure to appear to be heard.” {Id., at pp. 257-258.)
We conclude that the determination of license suspension by the Department of Motor Vehicles without affording the licensee an opportunity for a hearing beyond the court appearances directed by the summons on the traffic citations sufficiently complies with the “meaningful” and “appropriate” hearing requirements of due process. (See Bell v. Burson (1971) 402 U.S. 535, 541-542 [29 L.Ed.2d 90, 95-96, 91 S.Ct. 1586].)
Defendant next asserts that there was no proof of actual suspension of his driver’s license at the time he was cited for that offense on August 17, 1981. On October 24, 1980, the Department of Motor Vehicles sent defendant a letter stating that “Your privilege to operate a motor vehicle upon the highways of this State is suspended, effective October 28, 1980.” The letter was admitted in evidence by stipulation, and it was further agreed that it had been mailed to defendant. The arrest report, also admitted by stipulation, reveals an admission by defendant before arrest that he currently did not have a driver’s license. After defendant’s admission and before the arrest, an officer received confirmation from the Department of Motor Vehicles that defendant’s
*Supp. 17 license had been suspended “for his failure to take care of his traffic warrant.” The evidence was sufficient.
The judgment is affirmed.[5]
Foster, Acting P. J., and Rothman, J., concurred.

 Vehicle Code section 14601.1, subdivision (a) at the time of the alleged violation provided:
“No person shall drive a motor vehicle on a highway when his driving privilege is suspended or revoked for any reason other than those listed in Section 14601 when the person so driving has knowledge of either such fact. Knowledge shall be presumed if notice has been given by the department to such person. The presumption established by the subdivision is a presumption affecting the burden of proof.”

 Vehicle Code section 13365 provides: “The department may suspend or revoke the driving privilege of any person when his record contains notifications of two or more violations of subdivision (a) of Section 40509. The suspension or revocation may continue until the certificates are received as provided in subdivision (a) of Section 40509.”

Vehicle Code section 40509, subdivision (a) provides: “Whenever any person has for a period of 15 or more days violated his written promise to appear or a lawfully granted continuance of his promise to appear in court or before the person authorized to receive a deposit of bail or violated an order to appear in court or to pay a fine pursuant to subdivision (a) of Section 42003, the magistrate or clerk of the court may give notice of such fact to the department. Such notice shall be given not less than 30 days nor more than 60 days after issuance of a warrant. Whenever thereafter the case in which such promise was given is adjudicated or the person who has violated the court order appears in court or otherwise satisfies the order of the court, the magistrate or clerk of the court hearing the case shall sign and file with the department a certificate to that effect."

The Judicial Council determines the form of all notices that mandate appearance before a magistrate for a traffic offense. Vehicle Code section 40500, subdivision (b) provides: “The Judicial Council shall prescribe the form of the notice to appear.” The uniform traffic citation form so approved contains the following notice:
“WARNING:
Willful failure to appear as promised is a separate violation for which you may be arrested and punished by 6 MONTHS IN JAIL AND/OR $500.00 FINE, regardless of the disposition of the original charge (V.C. 40508). In addition, the Department of Motor Vehicles is REQUIRED TO WITHHOLD the issuance or renewal of your driver’s license, and may revoke or suspend your driving privilege, if you violate your written promise to appear.”

 Although the appeal was filed prematurely we deem it timely filed. (Marcotte v. Municipal Court (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314]; Cal. Rules of Court, rule 182 (a).)